■ In the Matter of JOAN HUGHES, Respondent, v DONALD HUGHES, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated March 5, 1976, which, *inter alia,* granted petitioner's application for an upward modification of alimony and child support payments. Order modified, on the facts, by deleting from the second and third paragraphs thereof the figure "$175" and substituting therefor the figure "$146". As so modified, order affirmed, without costs or disbursements, and with a direction that appellant is also to be credited with any overpayment made pursuant to the order under review, which fixed the weekly payment at $175 instead of $146 and which was effective as of March 15, 1976. Any such overpayments are to be added to the sum of $1,750 and appellant may deduct from the amount of $146 per week the sum of $10 per week until such time as he has recouped the amount of total overpayments. The Family Court was in error in granting an increase in alimony based on an increase in appellant's income in the absence of sufficient evidence to show that the petitioner is unable to live on the alimony provided in the original judgment of divorce and is in danger of becoming a public charge (see *McMains v McMains,* 15 NY2d 283; *Hearst v Hearst,* 3 AD2d 706, affd 3 NY2d 967). The record shows that an increase in child support payments was justified (see Family Ct Act, § 413; *Matter of Handel v Handel,* 32 AD2d 946). The award of counsel fees represented a proper exercise of discretion (see Family Ct Act, § 438; *Matter of Harvey v Harvey,* 62 Misc 2d 246; *Gardner v Gardner,* 40 AD2d 153). Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■ In the Matter of LAUREL CONVALESCENT HOME, INC., Appellant, v COUNTY OF WESTCHESTER, DEPARTMENT OF SOCIAL SERVICES, Defendant, and A. HARRY KUPERSMITH, Respondent. A. HARRY KUPERSMITH, Respondent, v LAUREL CONVALESCENT HOME, INC., Appellant.—In (1) a proceeding to fix an attorney's lien and (2) an action to recover for legal services, Laurel Convalescent Home, Inc., appeals from a judgment of the Supreme Court, Westchester County, dated April 6, 1976, which, after a nonjury trial, is in favor of respondent A. Harry Kupersmith and against it. Judgment affirmed, with costs. In view of the services rendered and the results achieved, the retainer agreement was not oppressive. The trial court was familiar with the quality of the services rendered; its conclusion as to the propriety of the fee is entitled to great weight. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■ In the Matter of ROBERT E. LEE et al., Appellants, v BREEZY POINT COOPERATIVE, INC., Respondent.—In consolidated proceedings *inter alia* to enjoin respondent from selling leaseholds which would permit the lessees to construct buildings in contravention of representations allegedly made to petitioners, petitioners appeal from a judgment of the Supreme Court, Queens County, entered July 2, 1975, which is in favor of respondent, after a nonjury trial. Judgment affirmed, with costs, on the opinion of Mr. Justice Graci at Trial Term. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.