Wachtler, J.
A mother, on behalf of her daughter, brings this proceeding to seek child support in excess of the amount provided in the separation agreement between the mother and father. The Family Court denied the petition. A divided Appellate Division reversed that determination and awarded $250 per month as child support. This represented an increase of $100 a month over and above the amount being paid by the father under the terms of the separation agreement. The father has appealed from that determination.
Janet and James Boden were married in 1956 and their only child, a daughter, was born in 1957. Marital difficulties resulted in the parties executing a separation agreement in May of 1960. Pursuant to the terms of that agreement, the father was to pay child support in the amount of $150 per month. In addition, the agreement obligated the father to: "[P]ay for the college education of said child and to that end shall cause a life insurance endowment policy in the principal sum of $7,500 to be written on his life, to mature 15 years from date hereof, and to pay all premiums thereon. The proceeds of such policy shall be used for the purpose of such college education * * * Such policy shall provide that the proceeds are to be applied for such college education with the further proviso that if said child shall die, or shall attain the age of 21 years without having attended college, then the proceeds of such policy shall be paid to the Husband.”
After the separation the mother and daughter moved to California, where a final judgment of divorce was granted on January 26, 1961. The divorce decree awarded custody of the child to the mother but contained no provision for child support nor was the New York separation agreement expressly incorporated or merged in that decree.
When the child reached college age, she decided, with her mother’s counseling, to attend Yale University in New Haven, Connecticut. At about this time, the mother, who has not remarried, moved back to New York and subsequently initiated this proceeding, on behalf of her daughter, seeking to *212 have the amount of child support being paid by the father increased.
It is undisputed that at all times prior to the initiation of this litigation the father had complied with the support provisions of the agreement. In addition, he had purchased and kept in force the insurance endowment policy called for by the agreement and the daughter, having commenced her college education, began to receive payments from that fund.
In this proceeding the mother sought to have the child support increased to $15,170.99 per annum. The father was then paying $1,800 a year in support and an additional $1,875 from the insurance endowment policy—an aggregate of $3,675 per year. At the hearing in Family Court, it was established that the mother was presently earning an annual salary of $45,000 as an executive in an advertising agency. On the other hand, the father, who had remarried, had an income of approximately $43,000 per year.
A husband and wife, in entering into a separation agreement, may include in that agreement provisions pertaining to the support of the children of their marriage. The terms, like any other contract clauses, are binding on the parties to the agreement. The child, on the other hand, is not bound by the terms of the agreement (see Family Ct Act, §461, subd [a]; Moat v Moat, 27 AD2d 895) and an action may be commenced against the father for child support despite the existence of the agreement (see Family Ct Act, § 413; Backstatter v Backstatter, 66 Misc 2d 331). In deciding the amount of child support to be awarded, the Family Court is not constrained by the terms of the separation agreement, but rather must look to the facts and circumstances of each case individually and determine the. amount of support necessary. The key consideration, of course, is the best interest of the child, insuring that the child be adequately provided for—but the court must also consider the assets, earnings, expenses and obligations of the father (see Matter of Antelo v Antelo, 27 AD2d 825). The mother’s financial status is also a proper consideration for the court in making its determination (see Matter of Lewis v Lewis, 5 AD2d 674, mot for rearg den 5 AD2d 777, app dsmd 4 NY2d 872).
Where, as here, the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsbility should not be *213 freely disregarded. It is to be assumed that the parties anticipated the future needs of the child and adequately provided for them. It is also to be presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child. Included in these obligations is the financial responsbility of providing the child with adequate and reasonable educational opportunities. Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed (see Matter of Halpern v Klebanow, 21 AD2d 858; Matter of Lewis v Lewis, 5 AD2d 674, mot for rearg den 5 AD2d 777, app dsmd 4 NY2d 872, supra; Unger v Schiff, 277 App Div 1123, mot for rearg and mot for lv to app den 278 App Div 571, app dsmd 302 NY 767). Unless there has been an unforeseen change in circumstances and a concomitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into (see McMurray v McMurray, 53 AD2d 596-597; Matter of Best v Baras, 52 AD2d 557; Matter of Klein v Sheppard, 52 AD2d 532).
Although the courts have the power to modify the provisions pertaining to child support in a separation agreement, on the record in the case now before us it was an abuse of discretion for the Appellate Divison to increase the amount of child support to be paid by the father. The agreement expressly provided for an amount which the parties felt was adequate for child support and manifests an understanding that the child might pursue a college education. Specific provision was made for a fund to cover those expenses. Further there has been no showing of an unforeseen change in circumstances, or that the agreement was not fair and equitable when entered into. The facts and circumstances here present did not warrant a modification of the child support provision of the separation agreement and it was error for the Appellate Division to do so. The Family Court was correct in denying the petition.
Accordingly, the order of the Appellate Division should be reversed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
*214 Order reversed, with costs, and the order of Family Court, New York County, reinstated.