■  JOHN STEEL, Appellant, v BETTE-ANN STEEL, Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered April 28, 1977, directing judgment for arrears of child support payments and referring the issue of upward revision of such payments to a Special Referee and granting related relief, is unanimously modified, on the law and on the facts, and in the exercise of discretion, to the extent of striking the direction to the Referee in the fifth decretal paragraph that the question of increase in child support is the only question before him; and to the further extent of directing that there shall be referred to the Special Referee the issue of whether plaintiff is entitled to any credits for any payments by the grandparents; and the order is otherwise affirmed, without costs and without disbursements. Ordinary minor Christmas, birthday, etc., gifts to the children by the grandparents shall not constitute such credits. There is as much or as little basis for believing that there were such payments by the grandparents for which the husband should receive credit under the agreement, as there is for believing that the husband's income has substantially increased, and if one issue is to be referred, they both should be. It appears that no court has judicially considered and determined the proper level of child support payments, and it appears appropriate that a court should do so now, with due regard to the ruling in *Matter of Boden v Boden* (42 NY2d 210). In the event that the husband should, as he has indicated he may,

apply for downward revision, the Special Term may deem it appropriate to have that issue considered in the same reference. While a finding that the husband is entitled to credits, if such a finding be made, logically militates against the judgment for arrears, we must balance the need for current payments for support against the husband's right to such credits. And balancing those two considerations, we deem it better to let the judgment for arrears (concededly incurred as a means of precipitating a ruling on credits) stand. If the husband is entitled to credits, those may be taken against payments to be made after there has been a determination that he is entitled to such credits, and the present affirmance of the judgment for arrears is without prejudice to such means of recovering credits. Concur—Kupferman, J. P., Silverman, Evans, Lane and Sullivan, JJ.