OPINION OF THE COURT
John R. Heilman, J.
This is a proceeding under article 4 of the Family Court Act *891 in which petitioner, the ex-wife of respondent, seeks an increase in payments being made for child support pursuant to the terms of a Supreme Court divorce decree. The only ground upon which petitioner bases her application is her belief that respondent’s income has increased. Respondent has moved to dismiss upon the ground that an increase in the father’s income alone is insufficient as a basis for an upward modification of the child support previously awarded. Respondent argues that such modification is warranted only upon proof of increased needs as well as increased income, and that a petition failing to allege both is insufficient as a matter of law.
There has been a long-standing split in the view taken by the First and Second Departments on this issue. The First Department holding has been that an increase in needs, as well as an increase in means, is required before an upward modification is justified (see, e.g., Gould v Hannan, 57 AD2d 517). On the other hand, the Second Department has been equally firm in its position that an increase in either the needs of the child or the income of the father is sufficient to sustain a petition for upward modification (see, e.g., Hughes v Hughes, 54 AD2d 983; Matter of Handel v Handel, 32 AD2d 946, affd 26 NY2d 853).
This court is of the opinion that the recent Court of Appeals decision in Matter of Boden v Boden (42 NY2d 210) may well have put an end to the divergence of opinion which has heretofore existed on the issues before this court. The Boden court held that (p 213): "Unless there has been an unforeseen change in circumstances and a concomitant showing of need, an award of child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into”. (Citations omitted, emphasis added.)
The real question becomes, does the same standard which the Court of Appeals has applied to a negotiated separation agreement apply to a court ordered direction for child support? It is the opinion of this court that at least where the issues relating to the amount of support have been litigated in a contested proceeding, support may not be changed thereafter except upon a showing of both increased needs and increased income. The rule which the Boden court applied to separation agreements is no less applicable to court ordered support. It is reasonable to assume that the prior order of *892 support was based upon what the court felt was a fair and equitable division of the financial burden.
Holding, as this court does, that a change of circumstances warranting an upward modification must include an increase in means as well as needs, the underlying philosophy of Boden is advanced. Some degree of stability must be brought to the area of support proceedings. Parties should not be precluded from seeking an increase when the facts warrant. However, some limit must be placed upon the ability of the parties to make multiple applications upon the slightest change in the circumstances of either party. This is the doctrine of Boden.
For the reasons stated above, the petition is dismissed for legal insufficiency.