OPINION OF THE COURT
Memorandum.
Order affirmed, without costs. Dismissal under CPLR 5601 *933 (subd [a], cl [iii]) is not required, for in this case the modification to deny increased child support raises points of law reviewable by the Court of Appeals: whether the marked increase in respondent father’s financial circumstances alone justifies disregard of the child support provisions in the separation agreement; and whether respondent father’s asserted failure to comply with certain provisions of the agreement entitles petitioner mother to seek the fixation of child support de novo.
True, by reason of the mother’s remarriage the child enjoys a higher standard of living than that provided in the separation agreement. So, too, by reason of the father’s present financial circumstances, it is likely that had the parents not divorced the child’s standard of living would likewise have improved. The concern with the future manifested in the meticulously detailed separation agreement is so pervasive, however, that it cannot be said that the change in the father’s circumstances in this case was so great as to be uncontemplated. Hence, the child support provisions in the agreement must govern. (See Matter of Boden v Boden, 42 NY2d 210, 213.)
Nor do the alleged breaches entitle the mother to repudiate the child support provisions in the separation agreement. Alleged failures to pay for music, art, and sports lessons or to make certain designations in a life insurance policy did not go to the heart of the arrangement, one intended to govern in all respects and for all relevant times the conduct of the parties in relation to their child. There is no contention that the father was delinquent in the basic child support payments, or that he failed to pay the child’s private day school tuition. Nor is there any contention that the mother suffered any noncompliance only because economic duress prevented her from rescinding or repudiating the agreement for substantial or total breach. (Cf. Restatement, Contracts, § 347, Comments b., e; 11 Williston, Contracts [3d ed], § 1292; Restatement, Contracts 2d [Tent Draft No. 8, 1973], § 268, subd [4], Comment d. While these authorities largely concern commercial transactions there is some analogy to the kind of agreement involved in this matrimonial context.) That is not to say, however, that in a proper proceeding enforcement of the breached provisions may not be sought. Concededly such enforcement was not sought in this proceeding.
*934 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.