OPINION OF THE COURT
Elrich A. Eastman, J.
This is a petition under article 3-A of the Domestic Relations Law, commonly known as the Uniform Support of Dependents Law, for support and maintenance, by respondent father, of his three children.
Petitioner and respondent were married on August 16, 1961. As a result of that union, their children Julie, Donald L., Jr., and Kenneth John, were born on April 1, 1963, February 22, 1965, and January 5, 1967 respectively. On May 24, 1967 the parties entered into a separation agreement providing, inter alia, for the support and maintenance of the children in the sum of $100 per month for each child, a total monthly child support obligation of $300 per month. Additionally, the husband agreed to maintain hospitalization and major medical expense insurance coverage for the children and to pay extraordinary dental expenses which had advance approval except in emergencies.
On September 13, 1967, subsequent to the separation agreement, the petitioner and respondent were divorced in the State of New Jersey. The provisions of the separation agreement were incorporated into the divorce decree, but, by its terms, were not merged therein.
Pétitioner has remarried, resides in the State of Iowa, is employed, and earns $7,000 per year. She also sets forth monthly expenses totaling $1,084. Of that amount the sum of $248 is specifically allocated to the children for clothing, entertainment, medical and medical insurance. The other monthly expenses are not apportioned between petitioner and the children. Petitioner’s further written testimony, at paragraph 8 thereof, states that the last payment was received by her in November, 1977 and there are arrears amounting to $20,000. She does not however, indicate the period of said accumulations. Petitioner has been unable to substantiate, by any records, the payments made by respondent.
Respondent testified that he is currently paying the $300 per month child support provided for in the agreement and *438 has paid up all arrears due to date. He denies owing $20,000 and states that the arrears amounted to $900 which was paid by check dated January 19, 1978. The record reflects that such a check was received by petitioner. Again, as mentioned earlier, and because petitioner has no records, she has not been able to prove that more is owing.
Respondent further testified that he maintains medical insurance for the children and pays whatever bills are submitted to him. Respondent testified that he is currently earning $50,000 per year and is unmarried and has no other dependents than these children. He testified that at the time of the separation agreement he was earning $17,000.
Assistant Corporation Counsel, on behalf of petitioner, requests an upward modification of the support provisions from $300 per month for the three children to $1,000 per month, based on current means of respondent, notwithstanding the provisions of the separation agreement.
Respondent, in opposition thereto, asserts that the support payments provided for in the separation agreement, are fair and equitable and should not be modified upwards. Moreover, he contends that there has been no showing of an increase in the needs of the children to warrant alteration of contractual arrangement between the parties. Lastly, he contends that petitioner is unable to invoke the provisions of the Uniform Support of Dependents Law without showing that she is on public assistance or is about to become a public charge.
In addressing the issue of jurisdiction the court finds that petitioner may avail herself of the provisions of this State’s Uniform Support of Dependents Law.
Section 30 of the Domestic Relations Law provides: "The purpose of this article is to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support.” Subdivision 2 of section 35 of the Domestic Relations Law states, in part: "[a] proceeding to compel support of a dependent may be maintained under this article in any of the following cases * * * 2. Where the petitioner resides in one state and the respondent is a resident of or is domiciled or found in another state having substantially similar or reciprocal laws.”
The State of Iowa has adopted a substantially similar law pursuant to chapter 252A of the Iowa Code, as amended.
With respect to dependents on public assistance or about to *439 become public charges, section 36 of the Domestic Relations Law specifically states: "Whenever the state or a political subdivision, or any official agency thereof, is furnishing support or is likely to furnish support to a dependent it shall have the same right to invoke the provisions of this article as the dependent to whom the duty of support is owed.”
Clearly, the petitioner is entitled under subdivision 2 of section 35 of the Domestic Relations Law to invoke the jurisdiction of this court. The motion to dismiss the petition for lack of jurisdiction is consequently denied.
Presented here is a separation agreement, incorporated but not merged in a final divorce decree. The petitioner seeks upward modification of the child support provisions contained in said separation agreement. At issue is this court’s power to grant the relief requested, and, collaterally, the proof neces-. sary to permit such a modification.
Power to modify the order of support here involved, is reposed in the Family Court pursuant to section 461 (subd [b], par [ii]) of the Family Court Act, which states in pertinent part: "(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may * * * (ii) entertain an application to modify such order on the ground that changed circumstances requires such modification”.
As section 461 (subd [b], par [ii]) of the Family Court Act sets the statutory base for the power of this court to modify child support provisions, consideration must now be given to the impact of the rule in Matter of Boden v Boden (42 NY2d 210) to determine whether it bars this court from exercising its statutory authority to modify the support provisions set forth in the separation agreement.
The Boden case establishes a guideline, which in effect circumscribes the authority of the court under section 461 (subd [b], par [ii]) of the Family Court Act. Pursuant to the rule enunciated therein, this court, when faced with a petition seeking the modification of child support provisions, previously set forth in a validly executed separation agreement, must first determine whether the separation agreement, relative to the issue of child support, was fair and equitable when it was entered into.
Upon finding that it was unfair and inequitable, when made, the court is free to look into the facts and circumstances of the parties and the child, to determine how the best *440 interests of the child could be adequately provided for. Without more, an appropriate modification may be made.
However, where the agreement is, indeed, fair and equitable when made, the petitioner must prove (1) present circumstances, unforeseen when the separation agreement was entered into, and (2) child’s increased needs, unanticipated by the agreement.
In the instant case, it was foreseeable that the needs of the children would increase and it was foreseeable that the resources of respondent father would increase as the years passed. However, those two very important and completely foreseeable events were not provided for in the separation agreement.
Today, 11 years after the separation agreement, two of the children have passed preschool age and entered adolescence on the same level of support. During that same period, the salary of respondent father increased from $17,000 per year to $50,000 per year. Moreover inflation has substantially increased the cost of living since 1967. As a result, this court finds the separation agreement, as it relates to child suppport, was not fair and equitable when entered into in 1967. It did not provide for the clearly foreseeable events of children getting older and the economic advances in respondent’s career. Consequently, this court is not barred by Boden for upwardly modifying the provision for child support.
Following Boden strictly, as this court now chooses to do, it would appear that proof of a child’s increased needs, though relevant to determine the proper level of increased support, is not an element which need be speciñcally detailed when the separation agreement is found not to have been fair and equitable when entered into. The court may determine need, de novo, using the support provisions of the separation agreement merely as a guide.
It is this court’s opinion that it may take judicial notice of the fact that needs of children who are 15 years old, 13 years old and HVz years old are substantially more (11 years later), than their needs at 4 years old, 2 years old, and 6 months old. To say that such increased needs are nonexistent unless specifically set forth is a mere fiction, contrary to common knowledge and experience. Courts are prone to take judicial notice of matters of common experience (Matter of Viemeister, 179 NY 235, 240; Battalla v State of New York, 24 NY2d 980; Kaempfe v Lehn & Fink Prods. Corp., 21 AD2d *441 197). Surely the increased needs of the growing child are a fundamental fact of family economics, well within the province of judicial notice (cf. Klubek v Schad, 49 AD2d 669). In that case, the court, in awarding an upward modification of child support, originally granted when the child was two years old, said: "She is now eight years of age and her needs are considerably greater, without any consideration of inflationary impact upon the allowance. Furthermore, respondent father’s earnings are substantially greater than they were six years ago.”
This court takes judicial notice of children’s increased needs as they grow older and finds that respondent father is well possessed of the means with which to pay increased child support. Further, this court believes it would be in the best interests of the children to participate in the success of their, father to whatever extent that is possible after separation and divorce and share in the fruits of his success.
Accordingly, the support of the children of the parties to be paid by the respondent is fixed at $600 per month and the order of the New Jersey court is modified hereby. Payment of the increased amount shall commence on August 1, 1978, and it should be made to Friend of the Court, 216 Court Avenue, Des Moines, Iowa 50309 bearing respondent’s account No. G798 on payment checks.
With respect to the claim for arrears, the court finds that the petitioner has failed to prove the amount due therefor nor sufficiently rebut respondent’s claim of payment. Accordingly, the court finds that no arrears are currently due and owing and hereby dismisses petitioner’s claim therefor.