■ In the Matter of WENDELL W. BACHMAN, JR., Appellant, v DARLA C. CARRO, Respondent.—Appeal from an order of the Family Court of Otsego County, entered April 11, 1978, which directed plaintiff to pay for orthodontic work on his son. The parties to this proceeding obtained a judgment of divorce on September 9, 1976 which provided that all matters relating to the custody and support of their two children were to be referred to Family Court. On October 8, 1976, however, a stipulation was entered on the record of the Supreme Court, pursuant to which defendant was given custody of the children and plaintiff agreed to make support payments of $20 per week

for each child and to pay all of their necessary and reasonable medical and dental expenses. While the stipulation provided that it could be incorporated into an order to be submitted to the court, no such order was ever submitted. After failing to obtain plaintiff's approval for the performance of certain orthodontic treatment upon their son Robert, defendant petitioned the Family Court for an order requiring plaintiff to pay for the cost of such treatment. The Family Court entered an order directing the plaintiff to pay the entire cost of the orthodontic work, estimated to be $1,500, from which he appeals. At the outset, we should note our agreement with the test used by the Family Court in deciding this matter. The court did not make its determination based on the stipulation containing plaintiff's duty to pay for dental expenses, but instead focused on the best interests of the child. Since the son Robert was not a party to any agreement entered into by his parents and could not be bound thereby, this was the correct test to use *(Matter of Boden v Boden,* 42 NY2d 210; *Moat v Moat,* 27 AD2d 895). At the hearing conducted in Family Court, defendant introduced into evidence two letters from orthodontists stating that they had examined Robert and felt it was necessary for him to have orthodontic treatment. Plaintiff objected to their introduction into evidence as hearsay, but the court allowed their admission for the limited purpose of showing that the defendant had obtained these opinions. Plaintiff now argues that the court's finding that the orthodontic work was necessary was improper since it was based solely on these hearsay letters. There was, however, other evidence indicating the necessity of the treatment besides the two letters. The plaintiff himself testified to a discussion he had with an orthodontist from which the necessity of the treatment could be inferred. The defendant also testified without objection to conversations she had with orthodontists who felt it necessary for Robert to undergo orthodontic treatment. While this may have been hearsay, when admitted without objection, it is entitled to be considered and given whatever probative value it may possess *(Matter of Mac-Donald,* 40 NY2d 995; *Matter of Findlay,* 253 NY 1, 11). Thus, the Family Court could properly conclude that the treatment was necessary. Finally, plaintiff argues that even assuming the necessity of the treatment, the Family Court abused its discretion in placing the financial burden solely on the plaintiff since the defendant is better able to pay this extraordinary expense. The court reviewed the financial status of both parties (see *Matter of Boden v Boden,* supra, p 212) and, in view of all the circumstances, we do not find that the order directing plaintiff to pay the entire cost of the orthodontic treatment was so inequitable as to constitute an abuse of discretion. Accordingly, the order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.