■ In the Matter of RALPH LAMAITIS, Respondent, v LOIS MITCHELL, Appellant. — Appeal from an order of the Family Court of Madison County, entered November 26, 1979, which, after a hearing, granted petitioner's application for a downward modification of a child support order. The parties were married in 1970. On February 26, 1979 they executed a separation agreement. The following day, the respondent wife obtained a decree of divorce and was awarded custody of the parties' two children. The separation agreement, which contemplated increased child support if the petitioner father's income increased, was incorporated but not merged in the decree. Jurisdiction to modify its support provisions was transferred by the decree

to the Family Court. Despite a $1,000 increment in annual earnings, and no showing that the children's needs have diminished, the petitioner, claiming a change of circumstances, petitioned for and obtained a reduction in child support from a total of $400 a month, the amount expressly provided for in the separation agreement, to $200. This appeal followed. The changed circumstance relied upon was petitioner's change of residence from his parents' two bedroom trailer, where he had been paying neither for food nor lodging since December, 1978, to a trailer he purchased in June, 1979 when he remarried. His increased living expenses, coupled with the cost of maintaining the trailer, prompted his petition. In our view, he has not carried his burden of showing that moving into a residence of his own was an unanticipated change in circumstances sufficient to excuse compliance with the support conditions of an agreement whose fairness, when it was entered into, is unquestioned. Order reversed, on the law and the facts, with costs, and application for modification of child support order denied. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.