■ Norine K. Elderkin, Respondent, v John G. Elderkin, Appellant. — Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered July 1, 1980, which denied defendant's application for a reduction of child support payments. The parties were divorced by decree granted in February, 1980, in which a written separation agreement executed in July,

1979 was incorporated by reference, but not merged therein. The agreement provided that defendant pay $70 weekly for the support of two children who remained in the custody of plaintiff. Defendant sought reduction through a motion before Special Term seeking modification of the agreement based upon substantial change in his financial circumstances, i.e., change in employment status resulting in a reduction of $50, plus or minus, in his weekly income. Special Term referred the matter to the Otsego County Family Court, which, after a hearing, denied the application. This appeal ensued. Although the Family Court may have mischaracterized the relief sought to be modification of the separation agreement, it cannot be found in error in its conclusion that no material change in circumstances occurred which required that defendant be afforded relief by way of modification of his support obligations under the divorce decree. The court correctly stated that while it had power to modify the child support requirement in the decree of divorce (Family Ct Act, § 461, subd [b], par [ii]), remedies available to plaintiff by suit for breach of contract remained viable. The evidence adduced at the hearing was speculative as to ultimate reductions in defendant's annual income. Absent convincing proof of an unforeseen material change in circumstances or that the agreement was not fair and equitable when entered into, it should not be disturbed *(Matter of Boden v Boden,* 42 NY2d 210). Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.