■ RAYMOND PELLECHIA, Appellant, v LYDIA PELLECHIA, Respondent. — In a divorce action, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Di Paola, J.), entered November 8, 1979, as awarded child support in the sum of $119.17, payable

biweekly. Judgment reversed insofar as appealed from, without costs or disbursements, the provision directing payment of child support in the sum of $119.17 biweekly is deleted therefrom, and the matter is remanded to Special Term for a further hearing as to whether the separation agreement was unfair and inequitable when made or whether there has been an unforeseen change in circumstances and a concomitant showing of need to permit an award of child support in excess of the amount provided for in the separation agreement. In the interim the plaintiff shall make the child support payments set forth in the separation agreement. The issues in this case are the usual *"Boden"* ones (see *Matter of Boden v Boden,* 42 NY2d 210) which, in this inflationary era, require the trial court to find reasons other than inflation to overcome the contractual constraints of the parents' separation agreement in order to provide additional sums for the support of the children. Although the trial court in the instant matter succeeded in doing so by finding the separation agreement "unfair and inequitable" when made, evidence as to the circumstances surrounding the making of the agreement in 1976 is almost nonexistent in the record. The testimony concerning the wife's income in 1976 was elicited on the issue of change of circumstances and there is nothing as to the husband's income at that time or as to why such a minimal amount was provided for child support. In the absence of such necessary proof relative to the 1976 circumstances (financial and otherwise), reversal and a hearing on the *Boden* issues are necessary. Hopkins, J.P., Lazer and Gibbons, JJ., concur.

Cohalan, J., dissents and votes to affirm insofar as appealed from.