OPINION OF THE COURT
Edward J. McLaughlin, J.
Envisioned as an experimental court* the Family Court has evolved as a court which must eschew the experimental approach and adhere to its statutorily enunciated powers. (Matter of Lorie C., 49 NY2d 161; Walker v Buscaglia, 71 AD2d 315.) When there is no statutory procedure prescribed by the Family Court Act, the CPLR applies. (Family Ct Act, § 164.) Where, as here, the petitioner has bound herself in a legally binding contract, this court is precluded from granting relief. The Family Court has no powers of equity.
A petition to modify an order made by another court was filed on April 16, 1981. Petitioner, the former wife of respondent, seeks to modify a judgment of dual divorce made on July 29,1980 by the Supreme Court of Onondaga County and filed with the County Clerk of Onondaga County on July 31, 1980. Petitioner wishes to change the support provisions of the decree from $100 to $200 per week. She alleges a change of circumstances in that, since the original decree, respondent’s salary has increased and *967 due to the increased cost of food, clothing, and utility bills she can no longer support the two children on $100 per week.
On May 4, 1981, petitioner and respondent appeared. Through his attorney, respondent moved to dismiss the petition as insufficient on its face. The court denied the motion with the right to renew the motion on papers. The case was given No. 46 on the Trial Calendar. Subsequently, a written motion was made by respondent to dismiss the petition pursuant to CPLR 3211 (subd [a], pars 1, 7), on the grounds that there is a defense founded upon documentary evidence and the petition fails to state a cause of action.
The judgment of dual divorce containing a stipulation regarding, inter alia, support which was incorporated, not merged in the decree, and a certified transcript of the divorce proceedings upon which the decree was based were attached as exhibits. An affidavit of service indicates that the notice of motion and supporting documents were served on petitioner at her home on May 26, 1981. Petitioner has filed no answer to the motion to dismiss.
While a liberal interpretation is to be given to the term “documentary evidence” (Gauthier v Gabel, 44 Misc 2d 887, affd 16 NY2d 720), a “[motion] to dismiss should not be granted unless it is very clear that there can be no relief under any of the facts alleged in the pleading for the relief requested or for other relief.” (Richardson v Coy, 28 AD2d 640 [4th Dept, 1967].) When the documentary evidence presented constitutes a complete defense, a complaint is properly dismissed. (Suburban Broadcasting Corp. v R.C.A. Corp., 51 AD2d 785.)
In the case of Boden v Boden (42 NY2d 210, 212-213), the Court of Appeals taught us that the court should not freely disregard the stipulated allocation of financial responsibility entered into between the parties. “Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed.” (Boden, supra, p 213.) The Fourth Department has held that if a stipulation against merger is not made in open court, the Boden holding does not apply. (Matter of Wlodarek, 78 AD2d 981.) Here, the court care *968 fully explained the legal implications of the parties’ stipulation to them:
“the court: Both of you listen to the terms of the stipulation because you’re going to be bound by these terms. They’re going to be incorporated in the decree that this court may make, which means that this is like making a contract; that you’re bound by it, that you cannot change it in the future. Do you understand that, Mr. Lydon?
“the plaintiff: Yes.
“the court: Mrs. Lydon?
“the defendant: Yes.”
Then, a stipulation that the parties understood the effect of their stipulation was entered on the record:
“mr. alderman [counsel for Mr. Lydon]: Your Honor, it will be stipulated and agreed by and between Richard Lydon and Madaline Lydon as follows:
“As the court has previously stated, this stipulation before the court shall be incorporated into any decree of divorce that the court may grant; it shall not merge therein and shall survive such decree.”
Thus, a specific stipulation against merger was made and the general rule that a stipulation incorporated but not merged into a divorce decree is regarded as an enforceable contract applies. (Goldring v Goldring, 73 AD2d 955; Goldman v Goldman, 69 AD2d 758.) The parties are bound by their stipulation and the Family Court as a court of limited jurisdiction has no jurisdiction over what is essentially a contract action. (Matter of Thompson, 79 AD2d 880.)
Further, petitioner in this action alleges no unanticipated and unreasonable change of circumstances. “It is not sufficient simply to show a passage of time during which the child has grown and there has been general inflation of prices.” (Liebmann v Liebmann, 19 AD2d 821.)
Based upon the documentary evidence presented, the petition to modify an order of another court is dismissed. Petitioner has no cause of action based on the facts presented and respondent has set forth a complete defense based on documentary evidence.
*969 Since the petitioner appears herein pro se, respondent is to submit an order reflecting the court’s decision.

 Preface, N.Y.S. Joint Legislative Committee on Court Reorganization, Part II, Family Court Act, ix.