■ BARBARA PFLEGER, Appellant, v NORMAN R. WESTFALL, Respondent. — Order unanimously reversed, without costs, and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: Petitioner Barbara Pfleger and respondent Norman Westfall are the parents of two children born of their marriage in 1966. Following matrimonial difficulties, the parties entered into a separation agreement in August, 1970, which, provided that respondent would pay the sum of $40 per week for the support of the two children. This agreement was incorporated but not merged into a Mexican judgment of divorce obtained by respondent. In 1973, at a time when respondent was unemployed, Family Court entered an order modifying the divorce decree by reducing respondent's support obligations from $20 per week per child to the sum of $10 per week per child. Petitioner commenced this proceeding in June, 1981 seeking modification of the prior Family Court order to increase the amount of child support payments from $10 per week per child to $62.50 per week per child. She alleged that a change of circumstances had occurred since the entry of the prior order as respondent, formerly unemployed, was now employed as an engineer at a substantial salary and the children now required specialized dental work. After a hearing, at which both parties introduced evidence concerning their present financial circumstances, the hearing officer found that based upon respondent's present employment he could pay the amounts for child support specified in the separation agreement. However, inasmuch as petitioner had not demonstrated any unforeseen or unanticipated change in circumstances present now that were not in contemplation by the parties when they signed the separation agreement, he recommended that respondent's child support obligations be limited to the amount of $40 per week as provided in the agreement and denied the petition insofar as it sought sums in excess of this amount. Family Court found the hearing examiner's report to be supported by credible evidence and confirmed the findings of fact and recommendation citing *Matter of Boden v Boden* (42 NY2d 210). The application of the *Boden* principles relied upon by Family Court is not applicable in every case in which increased child support is sought in the face of a separation agreement (*Matter of Brescia v Fitts*, 56 NY2d 132). Since the hearing and determination herein, new guidelines have been established which permit the court to consider what the children's best interests require (*Matter of Brescia v Fitts, supra*, pp 140-141). The *Boden* principle is now limited to disputes directed solely to readjusting the respective obligations of the parents to support their child. When the request for increased child support is predicated on the child's right to receive adequate support, it is not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase (*Matter of Brescia v Fitts, supra*, pp 138-140). It is sufficient in such a case that a change in circumstances has occurred warranting the increase in the best interests of the child (*Matter of Michaels v Michaels*, 56 NY2d 924). (Appeal from order of Monroe County Family Court, Maas, J. — modification child support.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.