■ In the Matter of ANASTASIA KELLEMAN, Respondent, v RICHARD W. KELLEMAN, Appellant. — Appeal from an order of the Family Court of Saratoga County (Tomlinson, J.), entered July 9, 1983, which directed respondent to pay for orthodontic care and treatment of the parties' son, and pay counsel fees to petitioner's attorney. ¶ A hearing was held in the Saratoga County Family Court on April 14, 1983 in connection with petitioner wife's proceeding to compel respondent husband to pay a bill for orthodontic care and treatment on behalf of the parties' son Richard, a 13-year-old boy. The petition sought to enforce that part of a prior order based upon an in-court stipulation between the parties on October 22, 1980, which provided that respondent would "maintain all medical, dental, hospital and pharmaceutical expenses for his children and his wife until such time as they should be divorced. Those expenses must be both reasonable and necessary". Paragraph 9 of the order entered on the stipulation provides that respondent "agrees to maintain for his wife and children all existing medical, dental and health insurance. Further he is responsible for all medical, dental, pharmaceutical expenses over and above the insurance for his infant children if such expenses are reasonable and necessary". Although respondent agreed to accept an affidavit of the orthodontist as to the nature and estimate of the work to be performed, he objected to such treatment on the ground it was not reasonable and necessary, and was cosmetic only. Family Court thereupon appointed an orthodontist, Dr. James J. Byrne, to examine the child's teeth. In his report to the court, this doctor stated that the services were necessary to correct Richard's deep overbite and that the sum of $1,985 was fair and reasonable for such treatment. Based on this report and without reopening the hearing, Family Court ordered respondent to pay for such services and directed respondent to pay $300 in counsel fees to petitioner's attorney. ¶ That order is on appeal here and we affirm. These orthodontic services were or should have been within the reasonable contemplation of the parties at the time of the original stipulation. Family Court assured the necessity for, and the reasonableness of, the cost of such services through the court-appointed orthodontist, from whose report it could be concluded not only that the services were necessary, but also in the best interest of the child. Since the proceeding was required because of respondent's refusal to pay according to the stipulation, the additional cost of $300 for the wife's counsel fees is also fair and reasonable. The order should, therefore, be affirmed (see *Matter of Bachman v Carro*, 67 AD2d 1030). ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.