JANE RUBIN, as Parent and Natural Guardian of JORDAN RUBIN, an Infant, et al., Respondents, v BURTON RUBIN, Appellant.

First Department, August 21, 1986

**APPEARANCES OF COUNSEL**

*Howard N. Beldock* of counsel *(Javits, Robinson, Brog, Leinwand & Reich, P. C.,* attorneys), for appellant.

*Benedict Ginsberg* of counsel *(Robert D. Sommerfield* and *Steven E. Weiss* with him on the brief; *Benedict Ginsberg, Sommerfield & Weiss,* attorneys), for respondent.

**OPINION OF THE COURT**

LYNCH, J.

In 1976, the plaintiff Jane Rubin and the defendant Burton Rubin, each represented by experienced counsel, entered into a separation agreement after five years of marriage. The couple had one child, then four years old. The defendant agreed to pay child support of $500 a month, $1,000 a year toward nursery school tuition, and $3,500 a year toward primary and secondary school tuition. Both parents expressed their desire that the child attend college, with the defendant agreeing to pay, were he able, up to $6,000 a year for college tuition. The defendant agreed to pay, through insurance or otherwise, all medical and dental bills of the child except for any psychiatric expenses. He also agreed to maintain a $40,-000 life insurance policy with the son as beneficiary. The plaintiff, acknowledging her independent resources, waived any right to maintenance. A year later the agreement was incorporated into a judgment of divorce.

The defendant more than lived up to his obligations under the agreement. He paid private school expenses in excess of $7,500 a year and camp expenses in excess of $3,500 a year. He paid for vacations, clothing, tutors and gifts, including a video cassette recorder and a home computer.

The plaintiff's financial circumstances have suffered no

reversal since the separation agreement. She has remarried, lives in an apartment on the upper east side of Manhattan, and owns a $340,000 condominium in Mamaroneck. In 1983, she had income from her employment, trust funds, interest, dividends and capital gains of $91,939.

In March 1978, the plaintiff sued for rescission of the separation agreement, claiming that it was induced by the defendant's misrepresentation of his income and net worth. The trial commenced in 1984 and ended with the court finding no misrepresentation by the defendant and no evidence that the separation agreement was unfair to the plaintiff. The trial court did, however, permit an amendment of the complaint to include a cause of action for an increase in child support. It found, citing *Matter of Boden v Boden* (42 NY2d 210), that it was not bound to the child support provisions of the separation agreement. It concluded that the child, "now an adolescent with expanding interests and needs, e.g., summer camps, religious instruction and additional tutoring and education", was entitled to an increase of support by the defendant from $500 a month to $850 a month. On the basis of an affidavit submitted by the plaintiff's counsel, it awarded her attorney's fees of $22,500.

The defendant moved to vacate the judgment and filed a notice of appeal. He did not seek a stay, he did not pay the attorney's fees, and he continued child support payments at $500 a month. While the motion to vacate was *sub judice*, the plaintiff moved for a judgment awarding arrears of child support, the unpaid attorney's fees, and attorney's fees for the motion. The motion was granted, including $500 attorney's motion fees. The appeal of this order and judgment has been consolidated with the appeal from the prior judgment.

While *Boden (supra)* states the general rule that a court, in determining a child's need for support, is not bound by the parents' separation agreement, the Court of Appeals nonetheless, in that case which bears many similarities to the present action, reversed this court's increase of an award beyond the amount provided in the separation agreement. Pertinently, it stated (pp 212-213): "Where, as here, the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsibility should not be freely disregarded. It is to be assumed that the parties anticipated the future needs of the child and adequately provided for them. It is also to be presumed that in the

negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child. Included in these obligations is the financial responsibility of providing the child with adequate and reasonable educational opportunities. Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed * * * Unless there has been an unforeseen change in circumstances and a con-comitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into".

Finding that the courts were applying *Boden (supra)* too broadly to every case seeking increased child support despite a separation agreement, the Court of Appeals in *Matter of Brescia v Fitts* (56 NY2d 132) specifically described the setting for its applicability (p 139): "In seeking increased child sup-port from the father, the mother was not asserting the right of the child to be supported by the father, as the child's needs could clearly have been met by either parent, given their respective financial situations. Rather, the mother was assert-ing her own interest in having the father contribute more to the financial burden of raising the child. Thus, the principles set forth in *Boden* apply only when the dispute is directed solely to readjusting the respective obligations of the parents to support their child".

Here, the parties to the separation agreement were represented by competent counsel. There was no misrepresen-tation by the defendant of his finances. There was no evidence that the agreement was unfair to the plaintiff. The agreement specifically anticipated the future of the child. There is no assertion that the child's needs are not being adequately met. The defendant not only provided the support required by the agreement, but also contributed in excess of his obligations. The plaintiff has not claimed financial inability to meet her portion of the burden of rearing the child. The child's needs can clearly be met by either party. Thus, this action falls squarely within *Brescia's* definition of the *Boden* principle, viz., it is the mother's interest in having a greater financial contribution from the father that is involved, not the needs of the child. In such case the parties are bound by the separation agreement.

The trial court was not empowered to award counsel fees

to the plaintiff. Her action was primarily one to set aside the separation agreement—the cause of action for child support was a later request granted by the trial court. The services for which attorney's fees were sought were concerned primarily with the rescission action. Such an action carries no right to an award of counsel fees *(see, Riemer v Riemer,* 31 AD2d 482, 487, *affd* 31 NY2d 881; *Johnson v Johnson,* 206 NY 561). To whatever extent the counsel fees awarded were earned in the cause of action for increased child support, its payment by the defendant is authorized only by the inability of the plaintiff to pay it *(see, Kann v Kann,* 38 AD2d 545). No financial need has been demonstrated by the plaintiff. To the contrary, the evidence is that she is well able to pay her own attorney.*

■ The grant of $500 counsel fees to the plaintiff made in her enforcement proceeding should stand. The defendant deliberately failed to comply with the directions of the Trial Judge and sought no stay of them. The plaintiff properly sought enforcement *(see,* Domestic Relations Law § 244) and Special Term properly granted her counsel fees *(see,* Domestic Relations Law § 238).

Accordingly, the judgment of the Supreme Court, New York County (Wolin, J.), entered May 23, 1985, after a nonjury trial which increased defendant-appellant's monthly child support payments and awarded plaintiff-respondent attorney's fees plus costs and disbursements, should be reversed to the extent appealed from, on the law, and the amended complaint dismissed, without costs and disbursements. The order of the Supreme Court, New York County (Schackman, J.), entered December 2, 1985 together with its implementing judgment entered March 20, 1986 directing defendant-appellant to pay child support arrears and attorney's fees pursuant to the prior judgment, plus interest and additional attorney's fees incurred in that enforcement proceeding, should be modified, on the law, only to the extent of vacating the award of child support arrears and the attorney's fees previously awarded and, as so modified, it should otherwise be affirmed, without costs or disbursements.

ELLERIN, J. (dissenting in part). The primary concern of a court in determining an application for modification of child support payments is the best interests of the child. *(Matter of*

---

* Were an award authorized, the defendant should have been granted a hearing where he could challenge the value and extent of the services provided *(see, Sadofsky v Sadofsky,* 78 AD2d 520).

*Brescia v Fitts,* 56 NY2d 132, 141; *Matter of Boden v Boden,* 42 NY2d 210, 212.) Since the trial court properly considered the best interests of the child in vacating the provisions of the separation agreement and divorce judgment, directing payment of $500 per month for child support, and ordering instead payments of $850 per month, I would affirm that portion of the judgment of Justice Wolin appealed from.

It is undisputed that there has been a profound change in the defendant's financial circumstances since the time of the execution, in 1976, of the separation agreement that provided for his monthly support payments for the infant child. In 1980, defendant realized $3.1 million in cash from the sale of his shares of stock in his business.

The trial court, in addition, found that "based upon the testimony and evidence introduced * * * the present amount of child support paid by defendant is inadequate. The child, Jordan Rubin, is now an adolescent with expanding interests and needs, e.g., summer camps, religious instruction, and additional tutoring and education". These expanding needs of an adolescent certainly contrast with those that could reasonably be anticipated by the parties when executing the separation agreement at a time when the child was three years old.

For these two reasons—the expanding unanticipated needs of the child and the ability of the defendant to easily meet those needs by virtue of the substantial increase in his financial means—I find that the trial court properly vacated the terms of the separation agreement and increased the defendant's child support obligations.

The majority's determination that the provisions of the separation agreement should not be disturbed is, in my view, based upon too narrow a reading of the leading *Boden* and *Brescia* cases.

In *Matter of Boden v Boden* (42 NY2d 210), the Court of Appeals held that despite the existence of a separation agreement setting forth provisions pertaining to the support of the children of the marriage, an action could be commenced on behalf of the child for an increase in support. The court held (p 212) that the "key consideration" is "the best interest of the child" and that, if the facts and circumstances of the case show an unforeseen change in the parent's circumstances and an increased need of the child, an increase in support would be warranted.

While the opinion in *Matter of Brescia v Fitts* (56 NY2d 132)

manifests some concern about "the broad reading given our decision in *Boden* by some lower courts" (p 138), the Court of Appeals clearly reaffirmed the principle that in the appropriate case an increase in child support payments may be ordered notwithstanding the existence of a separation agreement (56 NY2d, at pp 140-141). Among the factors that the court indicated should be considered by the lower courts in reaching a determination as to whether a modification in support is warranted are "the increased needs of the children due to special circumstances or to the additional activities of growing children" and "a substantial improvement in the financial condition of a parent" *(supra,* at p 141)—two factors that are specifically present here and which were given careful and appropriate consideration by the court below in exercising its discretion. *(See also, e.g., Verrone v Voegtle,* 103 AD2d 1005.) That court's determination that increased support from the defendant would be in the best interest of Jordan Rubin and his growing adolescent needs should not be disturbed.

SANDLER and KASSAL, JJ., concur with LYNCH, J.; MURPHY, P. J., and ELLERIN, J., dissent in part in an opinion by ELLERIN, J.

Judgment, Supreme Court, New York County, entered on or about May 23, 1985, reversed to the extent appealed from, on the law, without costs and without disbursements, and the amended complaint dismissed, and the order of said court entered on December 2, 1985, and its implementing judgment of March 20, 1986, modified, on the law, only to the extent of vacating the award of child support arrears and the attorney's fees previously awarded and, as so modified, affirmed, without costs and without disbursements.