■ SHARON M. HANCOCK, as Limited Administratrix of the Estate of JEROME CRITTENDEN, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72757.)—Judgment unanimously affirmed without costs. Memorandum: Claimant, as limited administratrix of the estate of Jerome Crittenden, appeals from a judgment which dismissed the claim at the close of proof. The claim seeks to recover for the conscious pain and suffering and wrongful death of the decedent, an inmate at Wyoming Correctional Facility, who choked to death on a watch that he had swallowed during a scuffle with guards. The issue in the case is whether the prison nurse was negligent in failing to take adequate steps to prevent decedent from choking.

Judgment was properly awarded to the State. Claimant's first contention is that the court erred in determining that she failed to prove a prima facie case and in dismissing the claim on that basis. We conclude that, despite inaccurately using the phrase "prima facie", the court in fact dismissed the claim on the ground that the preponderance of the evidence was in favor of the State. That analysis is borne out by the fact that the court considered the evidence adduced by both parties in reaching its decision.

Moreover, the court's decision is well supported by the evidence. The testimony of claimant's expert was properly rejected by the court as unsupported by the facts of this case. The uncontroverted eyewitness testimony demonstrates that the prison nurse was not negligent in her response to this unforeseeable medical emergency. (Appeal from Judgment of Court of Claims, Quigley, J.—Wrongful Death.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.

■ SUSAN ARUCK, Respondent, v SAMUEL ARUCK, Appellant. —Order insofar as appealed from unanimously reversed on the law without costs and application denied. Memorandum: Defendant contends that Supreme Court erred in granting plaintiff's application for an upward modification of the child support provided in the parties' separation agreement. We agree. Plaintiff's proof failed to establish either an unanticipated and unreasonable change of circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210, 213), or a change warranting an upward modification in the best interest of the children *(see, Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts,* 56 NY2d 132). (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Child Support.) Present —Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.