■ In the Matter of Louis Kaplan, Appellant, v Mari Smith, Respondent. [808 NYS2d 102]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated January 13, 2005, which, in effect, sustained the mother's objections to an order of the same court (Sherman, S.M.) dated October 21, 2004, granting, after a hearing, his petition for modification of a support order entered on consent dated March 11, 2003, as modified by an order dated June 18, 2003, to the extent of reducing his obligation for child care expenses from the sum of $200 bi-weekly, to the sum of $259.60 monthly, vacated the order dated October 21, 2004, and directed that the order dated June 18, 2003, remain in full force and effect.

Ordered that the order is affirmed, with costs.

''Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed'' (*Matter of Boden v Boden,* 42 NY2d 210, 213 [1977]; *see Gross v Gross,* 15 AD3d 442 [2005]).

The initial order of support dated March 11, 2003, inter alia, obligated the father to pay child care expenses in the sum of $200 bi-weekly. It was entered on the consent of the parties and later amended to reduce health care insurance by order dated June 18, 2003, but the child care expense provision of the order dated March 11, 2003, remained in effect.

The father failed to establish an unanticipated change in circumstances to excuse compliance with the child care expense terms of the order dated March 11, 2003, the fairness of which was unquestioned when it was entered into (see Matter of Moore v Moore, 118 AD2d 714, 715 [1986]; Matter of Lamaitis v Mitchell, 80 AD2d 715, 716 [1981]). Accordingly, the Family Court properly sustained the mother's objections to the Support Magistrate's order granting the father's petition for modification of the order dated March 11, 2003. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.