Matter of Schulman v Schulman (2024 NY Slip Op 00319)

Matter of Schulman v Schulman

2024 NY Slip Op 00319

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2023-03836
 (Docket No. F-4668-22/22A)

[*1]In the Matter of Rachel Jane Schulman, appellant,
v
Todd Stuart Schulman, respondent.

Rachel Schulman, named herein as Rachel Jane Schulman, Great Neck, NY, appellant pro se.
Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Eileen J. Goggin, J.), dated March 31, 2023. The order denied the mother's objections to (1) an order of the same court (Lisa M. Williams, S.M.) dated October 11, 2022, which granted the father's motion to dismiss the mother's amended petition for an upward modification of the father's child support obligation and his share of child-related expenses, and (2) an order of the same court (Lisa M. Williams, S.M.), also dated October 11, 2022, which dismissed the mother's amended petition.
ORDERED that the order dated March 31, 2023, is affirmed, without costs or disbursements.
The parties were divorced by a judgment dated August 11, 2010, which incorporated but did not merge a settlement agreement entered into by the parties. In August 2022, the mother filed an amended petition seeking an upward modification of the father's child support obligation and his share of child-related expenses. The father moved to dismiss the amended petition. In separate orders dated October 11, 2022, the Support Magistrate granted the father's motion and dismissed the amended petition. The mother filed objections to the Support Magistrate's orders. In an order dated March 31, 2023, the Family Court denied the mother's objections. The mother appeals.
The parties executed the settlement agreement prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). Therefore, in order to be entitled to modification of the child support provisions of the settlement agreement, the mother had the burden of showing an unreasonable and unanticipated change in circumstances since the time she entered into the settlement agreement (see Matter of Boden v Boden, 42 NY2d 210, 213; Matter of Muenichsdorfer v Biagiotti, 179 AD3d 805, 807; J.A.H. v E.G.M., 171 AD3d 710, 712-713). The mother failed to do so. In light of the circumstances of this case, the decrease in the children's overnight parental access with the father, the increase in the children's extracurricular and educational expenses, and the increase in the father's salary did not constitute an unanticipated and unreasonable change in circumstances (see Matter of Muenichsdorfer v Biagiotti, 179 AD3d at 807; [*2]J.A.H. v E.G.M., 171 AD3d at 712-713). Moreover, according to the terms of the settlement agreement, any purported decrease in the mother's earnings could not serve as a basis for an upward modification of the father's child support obligation.
The mother's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
Accordingly, the Family Court properly denied the mother's objections to the Support Magistrate's orders.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court