■ In the Matter of RUTH LAITMAN, Appellant, v KENNETH LAITMAN, Respondent. — Appeal by petitioner, as limited by her brief, from so much of an order of the Family Court, Rockland County (Miller, J.), dated December 16, 1980, as, after a hearing, denied her application for an upward modification of child support. Order reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, and petition granted to the extent of fixing child support in the total sum of $175 weekly. During the course of the parties' divorce action, an oral stipulation of settlement was dictated in open court on February 27-28, 1980. The parties were thereafter granted a judgment of divorce which was entered on April 21, 1980. The stipulation, incorporated but not merged in the decree, required Mr. Laitman to pay a total of $100 weekly for the support of the children, Debra and Robert, then aged three and nine, respectively. The stipulation also provided that any subsequent application for upward modification of child support was not to be governed by the rule in *Matter of Boden v Boden* (42 NY2d 210), but was to be "determined solely upon the basis of changed circumstance and changed need." In May of 1980, Mrs. Laitman instituted this proceeding seeking child support in excess of the amount provided in the stipulation. In support of her petition, she relied on the loss of her employment and the increased needs of the children. One of the primary issues is whether, considering the fact that the loss of her jobs occurred before entry of the judgment, Mrs. Laitman has established a change of circumstances. When the stipulation was entered into, Mrs. Laitman was earning $14,400 annually working as an apartment rental agent and a telephone saleswoman. In March of 1980, after the stipulation and inquest but before entry of judgment, she was laid off from both jobs because of a slowdown in business. Although Mrs. Laitman subsequently received unemployment benefits of $125 weekly, she testified that she had made unsuccessful efforts to

seek employment in the "areas of sales, management trainee, personnel, [and] interviewing". On cross-examination she declared that although she had 30 job interviews, no offers of employment were forthcoming. Her efforts to obtain employment included visits to employment agencies, Manpower and local government offices, plus use of newspaper advertising and word of mouth. The testimony revealed that Mrs. Laitman was taking two independent study courses at a local college to obtain a bachelor's degree in psychology, but that she had no set school hours and could accommodate a work schedule. It is undisputed that the child Robert has a learning disability and is in a special education program. Following the divorce decree, Robert's condition required additional expenditures of $25 per month for psychiatric services (mother's share representing one half of the actual cost), travel expenses to the school for counseling sessions at a cost of $40-50 per month, $10 monthly for special Hebrew lessons for children with learning disabilities, and a special summer camp at $320 ($26.67 allocated over a 12-month period). Other increases were attributable to Debra's nursery school ($21 per month) and higher mortgage payments and homeowner's insurance premiums ($12 per month). The Family Court denied petitioner's application, finding that there was no change of circumstances, and that Mrs. Laitman made no real attempt to become employed. Whether *Matter of Boden v Boden* (42 NY2d 210, *supra*) could be deemed to apply to this case in view of *Matter of Brescia v Fitts* (56 NY2d 132), is immaterial since the stipulation itself provided that *Boden* was not applicable. The question then is change of circumstances. Mr. Laitman's contention that no change of circumstances occurred because petitioner lost her jobs prior to the entry of the decree lacks merit. Collateral estoppel is a flexible doctrine which should not be rigidly or mechanically applied (*Gilberg v Barbieri*, 53 NY2d 285; *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65). In our view, Mrs. Laitman's obligation to seek a modification of child support did not accrue immediately upon the loss of her positions for there was no substantial change of circumstances until it became clear that her jobs could not be replaced. It is not the mere loss of employment that created the change of circumstances, but the inability to regain employment, and, more importantly, the lack of funds which spring from the inability. Only after the decree did petitioner's inability to find a job become apparent, for six months later at the conclusion of this hearing in October, 1980, she was still without work. After the decree, Mrs. Laitman's financial position continued to deteriorate, her savings became depleted, her debts mounted and she had to borrow $3,500 from her father. Accordingly, her failure to raise the unemployment issue between inquest and decree does not bar its consideration on a motion for upward modification, and it is appropriate to permit her to litigate the amount of child support she should presently receive (see Restatement, Judgments 2d [Tent Draft No. 3], § 88). On this record, we cannot agree with the Family Court that Mrs. Laitman's situation was self-created (cf. *Hickland v Hickland*, 39 NY2d 1). That court erred in finding she was a full-time student and in stating she was unwilling to work at a salary less than her previous earnings. She was taking six credits of independent study and she testified that no company offered her a position at any salary since they considered her overqualified for minimum wage jobs. There is nothing in the record to overcome this testimony. Mr. Laitman's income as a stockbroker with Merrill Lynch increased from $26,000 in 1979 to approximately $35,000 in 1980. His expenses, however, have diminished since he is living with a female friend who matches his contribution to household costs. On these facts, then, Mrs. Laitman's decreased resources, her increased expenses, and her ex-spouse's increased capacity constituted a change of circumstances. We conclude that child

support should be increased to a total of $175 weekly. Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.