■ KATHLEEN PASSARO, Respondent, v ANTHONY PASSARO, Appellant. — In a proceeding pursuant to articles 4 and 5-A of the Family Court Act, *inter alia,* for enforcement of a prior order of support, the appeal, as limited by appellant's notice of appeal and brief, is from so much of an amended order of support of the Family Court, Suffolk County (Campbell, J.), entered November 4, 1981, as (1) denied those branches of his cross petition which sought to reduce the amount previously awarded as child support and to obtain certain credit against arrears in child support, (2) denied vacatur of a payroll deduction order and (3) fixed arrears due under the prior order of support. Amended order of support modified, on the law and the facts, so as to provide that effective October 2, 1981, the amount awarded therein as child support is decreased to $45.38 per child per week, and by deleting the amount fixed therein as arrears due to the Suffolk County Department of Social Services as of August 14, 1981, and substituting therefor the sum of $6,832.93. As so modified, amended order affirmed insofar as appealed from, without costs or disbursements. The payroll deduction order of the same court, also entered November 4, 1981, is amended accordingly. In January, 1980, Kathleen Passaro, the petitioner wife (hereinafter petitioner), obtained a judgment of divorce against Anthony Passaro, the appellant husband (hereinafter appellant). At that time, appellant earned a net salary of approximately $200 per week as a postal worker. The opinion of the Supreme Court, Suffolk County, in the divorce action recited that petitioner, who was then receiving welfare, could reasonably be expected to earn $25 per week. The judgment of divorce directed the appellant to make child support payments of $50 per week for each of the two children of the parties and awarded alimony of $50 per week, for a total of $150 per week. On February 1, 1980, the Family Court, Suffolk County, on the petition of the Child Support Enforcement Bureau of the Suffolk County Department of Social Services (hereinafter CSEB), (1) granted an order of support consistent with the terms of the judgment of divorce setting support at $150 per week, allocating $50 per week as alimony for petitioner and $50 per week for each of the two children as support and (2) granted a wage deduction order against appellant's salary from the post office. On February 23, 1980, appellant suffered a severe back injury which resulted in a continuing inability to work. He received his regular salary until April 12, 1980, at which time he became the recipient of disability payments. In June, 1980 CSEB petitioned for enforcement of the support order dated February 1, 1980, alleging that appellant was $2,247.25 in arrears and that this amount should have been paid from his disability payments. In September, 1980, appellant cross-petitioned for downward modification of support to $75 per week and for the elimination of arrears or, alternatively, to make the downward modification retroactive to April, 1980. He also sought additional visitation rights, which branch of his request was granted in December, 1980. A hearing was held on January 19, 1981 with respect to the requested financial modification. Appellant testified that he was to undergo back surgery on the following day. As a result of that hearing, the court issued an amended order of support, entered January 23, 1981, reducing alimony to $25 per week retroactively to January 16, 1981. Alimony payments were to be restored to the former level on March 20, 1981. Child support payments were to remain unchanged at $50 per child per week and the arrears due to the Department of Social Services were to be held in abeyance. The court was under the impression that appellant would be able to work again in March, 1981. In April, 1981, the CSEB commenced another proceeding to recover arrears. In June, 1981 appellant cross-petitioned for a downward modification of child support payments from $100 to $70 per week, elimination of alimony, and for arrears to be retroactively credited as of

April 12, 1980. He averred that the last disability check he had received was for $2,700 in December, 1980, that he was unable to work due to his disability and that he had no source of income. In August, 1981, petitioner filed a cross petition on her own behalf, seeking, *inter alia,* the continuance of child support and alimony at $150 per week. On August 28, 1981 the court conducted a hearing on the petition and cross petitions at which the following testimony was elicited. Appellant began to receive disability payments on April 12, 1980. Those payments were in the amount of $276 per week, less a deduction for hospitalization insurance. He was entitled to receive those payments in 1981 as well, but had only received $500 as of May 19, 1981. Between that date and the date of the hearing, appellant received two checks which represented disability payments to July 2, 1981. Deductions for hospitalization insurance and for $3,475 sent to CSEB had been taken. As of the date of the hearing, appellant had not received any other disability payments nor was he entitled to any Federal lump-sum compensation award. He was still obligated to contribute $25 per week toward his pension plan. Appellant's only other income since January, 1981 had been a monthly Social Security disability payment of $46.30, which he began to receive in June, 1981. He had been informed that his children were also to receive an award, but was unsure of the amount. Social Security officials told him that such checks would be sent to petitioner at the former marital residence. Appellant also testified that he was planning to move, when he was financially able, from the room he presently occupied on the second floor of his parents' home to a $450 per month apartment which better met his needs as a disabled person. The hearing was continued on September 10, 1981, at which time petitioner testified that she left welfare and began employment in March, 1981, receiving a gross biweekly salary of approximately $354. Her new position, at which she began working in June, 1981, yielded a gross biweekly salary, with overtime, of as much as $830. At the time of the hearing, petitioner had not yet received any Social Security benefits for the children, although she had been informed that the amount would not exceed that received by appellant. She testified as to the living expenses for herself and the two children, both of whom suffered from scoliosis. Following the hearing, the court found the family's weekly expenditures to be approximately $385. It stated that appellant's ability to pay the current order had been diminished to some extent due to medical disability and that petitioner's financial condition had substantially improved. Accordingly, the court eliminated petitioner's alimony of $50 per week, effective October 2, 1981, and it took judicial notice that appellant owed $9,706.13 in arrears to the Department of Social Services as of August 14, 1981. An amended order of support and a payroll deduction order were entered on November 4, 1981, reflecting, *inter alia,* the elimination of alimony. We find that the financial circumstances of both petitioner and appellant have favorably changed, noting that appellant's Social Security disability payments and disability income, less hospitalization insurance deductions and contributions toward his pension plan, exceed the $200 net weekly income from which he had been ordered to pay $100 for child support and $50 for alimony. Thus, he was granted sufficient relief by the court's discretionary elimination of alimony. Appellant did not meet his burden of demonstrating a substantial unfavorable change in circumstances such that he would be entitled to downward modification of child support (cf. *Kover v Kover,* 29 NY2d 408, 413; *Benarroch v Benarroch,* 65 AD2d 749; *Gutillo v Gutillo,* 30 AD2d 484). As petitioner's financial situation has clearly been enhanced and appellant's arguably so, the court's decision was not an abuse of discretion (see *Matter of Hazell v Hazell,* 66 AD2d 986). The court erred, however, in not crediting appellant with the

amount of Social Security disability benefits to be received by the children. Counsel for both the appellant and petitioner have stipulated that each of the children began to receive $20 per month in July, 1982, and that such payments were made retroactive to August, 1980. The instant matter is distinguishable from *Matter of Sergi v Sergi* (58 AD2d 692) in which Social Security disability benefits for the children and increases in the same were contemplated as part of the total support. Here, appellant had neither sustained his injury nor received any such benefits at the time of the original support order, nor had such benefits for the children been contemplated at the time of the amended order of support entered January 23, 1981. The Social Security disability payments of $20 per month per child may be expressed as a weekly payment of $4.62 per child. The amended order of support now under review, entered November 4, 1981, is therefore modified by subtracting the disability payments to the children so as to reduce the child support awarded therein from $50 per child per week to $45.38 per child per week, effective October 2, 1981, and the payroll deduction order entered November 4, 1981 is amended accordingly. We note in determining the amount of arrears owed by appellant to the Suffolk County Department of Social Services as of August 14, 1981, the court failed to credit appellant with certain payments received by CSEB from his disability award. The amended order of support, entered November 4, 1981, is therefore also modified by deleting the amount of arrears fixed at $9,706.13 and by substituting therefor the sum of $6,832.93. We have considered appellant's remaining contentions and find them to be without merit. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.