■ LUCILLE GIAMBATTISTA, Respondent, v DOMINIC GIAM-BATTISTA, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Onondaga County Family Court for further proceedings, in accordance with the

following memorandum: Family Court did not err in finding, for the reasons stated by the Hearing Examiner, that June 1, 1983 was the date from which any change of circumstances, leading to an award of maintenance, should be measured. On that date the parties entered into an agreement settling the issues of property distribution and support. Pursuant to that agreement, neither party then sought maintenance, but each reserved the right to apply for maintenance "if in the future the financial circumstances of either party shall warrent [sic] such provision." The 1983 agreement was incorporated but not merged in a judgment of divorce entered September 14, 1987. There is no evidence of a separate inquiry into the parties' financial status, or need for maintenance, prior to entry of that judgment. Moreover, the language of the judgment stating that the terms and conditions of the 1983 agreement "were fair and reasonable when made and are not now unconscionable" does not preclude a finding of changed circumstances warranting an award of maintenance. Accordingly, since June 1, 1983 was the date of last inquiry, it is the proper date from which to calculate whether there has been a change of circumstances (see, Matter of Laitman v Laitman, 88 AD2d 954; Lafferty v Brogden, 127 Misc 2d 455).

Family Court erred, however, by rejecting respondent's objections and finding that "since Respondent chose not to submit a transcript of the proceedings, this Court is unable to review the factual issues raised." Section 205.37 (c) of the Uniform Rules for Trial Courts (22 NYCRR) provides in pertinent part: "A transcript of the proceeding before the hearing examiner shall be prepared where required by the judge to whom objections have been submitted for review". The rule does not place the burden of providing the transcript upon the party filing the objections. Therefore, the order must be reversed and the matter remitted to Onondaga County Family Court for a determination of respondent's objections to the order of the Hearing Examiner following a review of the transcript of the hearing (see, Winters v Winters, 154 AD2d 884 [decided herewith]). (Appeal from order of Onondaga County Family Court, Rossi, J.—modification of maintenance.) Present —Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.