■ In the Matter of the Estate of CLARENCE E. SANFORD, Deceased. MARGARET E. SANFORD, Appellant, v PATRICIA A. S. DEKDEBRUN, Respondent.—Order unanimously reversed on the law with costs and petition granted, in accordance with the following Memorandum: Surrogate's Court erred in determining that petitioner Margaret Sanford had waived her claim to alimony arrears. The parties' April 26, 1977 judgment of divorce provided that "CLARENCE E. SANFORD [decedent] shall pay to MARGARET SANFORD as and for her alimony and support the sum of One Thousand Twenty Five ($1,025.00) Dollars monthly". In 1985 decedent reduced his alimony payments by the amount of Social Security benefits received by petitioner. After decedent's death in February 1987, petitioner submitted a claim against the estate for the $9,023.35 alimony arrearage from 1985 to 1987. The executrix of the estate rejected the claim on the ground that petitioner had waived the payments. A waiver is a "voluntary and intentional relinquishment of a known and otherwise enforceable right" (Messina v Messina, 143 AD2d 735, 737). Here, the record establishes that petitioner, through counsel, repeatedly made demands for the alimony payments as provided in the judgment of divorce, and threatened legal action. Given those circumstances, petitioner did not waive her right to receive such payments (see, Lannon v Lannon, 124 AD2d 1051, 1052; Katzenstein v Katzenstein, 90 AD2d 533). The order is reversed and petitioner's claim against the estate in the amount of $9,023.35 for unpaid alimony is granted. (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Estate Accounting.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.