OPINION OF THE COURT
Joseph J. Sedita, J.
This motion and cross motion raise an issue which appears to be one of first impression. The parties were divorced in *412 1985 and entered into a binding agreement which was not merged in the judgment.
The agreement provided for a certain amount of child support which was- duly paid until 1990. The petitioner’s illness caused him to take his disability pension from his place of employment, and he was found eligible for Social Security disability benefits. Fortunately, these two income sources resulted in a comparable income level to the level enjoyed by him prior to his illness and retirement. His oldest child, who is 18 years of age, is now residing with him and his two youngest children are still with the respondent.
As a result of his eligibility for Social Security, his two youngest children were also found to be eligible for Social Security payments. These payments are paid independent of his own, and total more than his contractual support obligation. Due to these payments, the petitioner asserts that he is no longer obligated to make child support payments under his agreement and judgment of divorce. We disagree.
While we are not unsympathetic to the petitioner’s medical condition, there is no prima facie showing of a major or catastrophic impact on his financial situation. There is no allegation that it is not possible for him to meet his necessary household expenses. The relative financial circumstances of these parties are roughly comparable to their circumstances at the time they entered into their agreement. The fact that his illness has triggered an unexpected benefit from the Government does not vitiate his promises under his agreement with the respondent.
A leading case in this area of the law is Rubin v Rubin (69 NY2d 702). Our Court of Appeals held in this case that an agreement fairly entered into was binding on the parties so long as the needs of the children were being met, even when there was a substantial change in one parent’s ability to pay (see also, Matter of Boden v Boden, 42 NY2d 210).
In our case, unlike Rubin (supra) the parties are in roughly comparable financial circumstances. Although one child is now with the petitioner and he has alleged some modest increases in out-of-pocket medical costs, these changes are not so drastic or catastrophic that his contractual promise should be voided by this court. The fact that the respondent, who works as a cleaning lady, now has some additional funds from Social Security to help with his two youngest children, cannot operate to terminate his own clear and binding promise under *413 their 1985 agreement (see, Matter of Sanford v Dekdebrun, 175 AD2d 568, for an analogous situation).
Accordingly, the petition is denied and the cross motion is granted in accord with this decision.