OPINION OF THE COURT
W. Patrick Falvey, J.
Respondent, Janet Graby, objects to the decision and order *977 of the Hearing Examiner dated February 26, 1993 and March 17, 1993 respectively. The order, upon a modification petition, set child support to be paid by petitioner for the parties’ children at $520.40 per month, less Social Security disability payments made directly to the respondent for the benefit of the children in the sum of $518 per month. Thus, petitioner was ordered to pay $2.40 in child support. As of January 1, 1993, when the benefits paid to petitioner and for the children increased, petitioner was ordered to pay $536.80 per month with a credit of $533 per month being the amount of the children’s benefit, leaving $3 per month to be paid by petitioner. The petitioner’s income consists of Social Security disability benefits of $1,037 per month and pension benefits of $1,080 per month.
The sole issue on this review is whether the Hearing Examiner was correct in reducing petitioner’s monthly child support payment by the amount of the Social Security benefits paid by the Government on behalf of the children.
In his decision, the Hearing Examiner cites Passaro v Passaro (92 AD2d 861), decided in 1983, which held that such children’s benefits are to be credited against the disabled parent’s support obligation.
Respondent argues that the enactment of the Child Support Standards Act in 1989 impacts this issue and so Passaro (supra) no longer applies. Respondent points out that Family Court Act § 413 specifically includes Social Security benefits as part of a parent’s income subject to the child support percentages, but does not include the children’s benefits among the enumerated deductions.
In Szczygiel v Szczygiel (153 Misc 2d 411), the parties entered into a separation agreement incident to their divorce, which set child support. After the divorce, the father became disabled. He was found eligible for Social Security disability benefits, as were his two younger children living with their mother. He also received a disability pension from his employer. These two benefits resulted in a comparable income level to the level he enjoyed prior to his retirement. But Social Security benefits for the two children were more than his support obligation under the separation agreement. Thus, he asserted that he was no longer obligated to make child support payments.
The court disagreed. "The fact that his illness has triggered an unexpected benefit from the Government does not vitiate *978 his promises under his agreement with the respondent.” (Szczygiel v Szczygiel, supra, at 412.)
Here, the parties’ agreement on child support had already been modified by the Hearing Examiner due to the father losing his job. Then the present application was made after petitioner learned of his and his children’s Social Security eligibility. Contrary to Szczygiel (supra), here petitioner has suffered a decrease in income since the time of the agreement. Still, the children’s benefit is not an out-of-pocket expense for him. And, as respondent points out, the children have already suffered a loss in child support due to their father’s loss of his job.
The issue of whether Social Security payments made on behalf of a child may be credited against the support obligation of the parent whose circumstances have caused the benefit to accrue to the child has been widely considered throughout the country. (See, Annotation, 77 ALR3d 1315.) Some jurisdictions, including New York, as evidenced in the Passaro case (supra), have found the child’s benefit to be solely attributable to the efforts of the parent seeking the credit against the parent’s support obligation. The child’s benefit is seen as simply another income source of the parent.
Of key importance now, however, is the recently enacted Child Support Standards Act (CSSA) (L 1989, ch 567). It is also noted that Szczygiel (supra) does not directly focus on the impact of CSSA, although decided in 1991.
Farley v Farley (412 SE2d 261 [W Va]), cited by petitioner, likewise is not directly on point. That case determined that when the Social Security Administration awards a lump-sum payment to a caretaker of dependent children, the court may credit their amount to any accrued child support arrearage, but is not required to do so.
Two other cases recently decided in other jurisdictions do offer guidance on this issue, however.
In McNeal v Cofield (78 Ohio App 3d 35, 603 NE2d 436 [1992]), the father moved to terminate his child support payments based on Social Security benefits the child received as a result of the father’s retirement. The court held that it was unreasonable to permit one parent to be totally relieved of his child support obligations solely because of Social Security benefits for the minor child.
The court stated:
"Defendant contends that, inasmuch as the $280 per month
*979 Social Security payments are for the benefit of the child, he should not be required to pay any child support since the $280 Social Security benefit exceeds the $264 monthly support which he should pay under the Child Support Guidelines. On the other hand, plaintiff contends that, inasmuch as the Social Security payments for the benefit of the minor child have no effect upon defendant’s income, there should be no deduction, and defendant still should be required to pay $264 per month child support. Under the circumstances, we find both parties are incorrect.
"Unfortunately, neither party has approached the situation from a reasonable standpoint, taking into consideration the needs and best interests of the minor child, which are of primary concern. Social Security payments for the benefit of the child must be considered in connection with child support payments ordered to be made by the parent whose retirement triggers the Social Security payments for the benefit of the minor child. However, under current law, this does not justify crediting the entire amount of the monthly benefit as attributable solely to the child support required to be paid by either parent. The best interest of the child requires a different conclusion, one that will enure to the benefit of the child, rather than to the sole benefit of either parent.
"On the other hand, the guideline determination of necessary child support remains unaffected by the fact of receipt by the child of Social Security benefits. The proper method is to deduct all or part of the Social Security benefits received on behalf of the child from the guideline-determined necessary child support predicated upon the best interests of the child and equity to both parents.” (McNeal v Cofield, supra, 78 Ohio App 3d, at 38-39, 603 NE2d, at 438.)
The court further stated: "In short, the court, in fixing child support under R.C. 3113.215, is required to consider the financial resources and earning ability of the minor child, which necessarily includes Social Security benefits paid either to the child or the child’s representative payee. While there may be several options reasonably available to the trial court under the varying circumstances, as all the cases have suggested, it is unreasonable to permit one parent to receive a windfall and be totally relieved of the child support obligation which would otherwise be allocated to that parent by the Child Support Guidelines solely because of the Social Security benefit payments to or for the benefit of the minor child.” (McNeal v Cofield, supra, 78 Ohio App 3d, at 41, 603 NE2d, at 439-440.) *980 In In re Kerrigan v Ames (1993 WL 165688 [May 18, 1993, Ct App, Minn]), the court citing In re Haynes (343 NW2d 679 [Ct App, Minn 1984]) concluded that in a motion to modify child support, the court may consider the child’s receipt of benefits as a factor in determining the needs of the child in the financial circumstances of the parties.
Following the New York’s CSS A, the children’s benefit is not a factor in computing the basic child support obligation. (Family Ct Act § 413 [1] [c].) Thus, to deduct it from petitioner’s share of the basic child support obligation, the court must make a finding that petitioner’s pro rata share of the basic child support obligation is unjust or inappropriate. (Family Ct Act § 413 [1] [f].) Such a finding must be based on the factors enumerated in Family Court Act § 413 (1) (f) and those factors considered must be set forth in the written order. (Family Ct Act §413 [1] [g].)
On review of the stipulation of facts submitted in this matter, and there being no fact-finding hearing, and on review of the other pertinent documents, this court finds that the matter must be returned to the Hearing Examiner’s calendar for a hearing on the factors enumerated in Family Court Act § 413 (1) (f). Of paramount importance is the best interests of the children and the stipulation of facts provided to the Hearing Examiner does not and cannot address this important issue.
The Family Court Clerk is directed to return the matter to the Hearing Examiner’s calendar in accordance with this memorandum decision.