[607 NYS2d 988]

In the Matter of KENNETH N. GRABY, Appellant, v JANET GRABY, Respondent.

Fourth Department, February 4, 1994

APPEARANCES OF COUNSEL

*Buck, Danaher, Ryan & McGlenn,* Elmira *(John McGlenn* of counsel), for appellant.

*Elizabeth A. Hendy* for respondent.

## OPINION OF THE COURT

LAWTON, J.

This appeal considers for the first time since the enactment of the Child Support Standards Act (Family Ct Act § 413) the question whether Social Security disability benefits paid to a disabled parent's children are a credit against the disabled parent's child support obligation. Although the order is not appealable as of right *(see,* Family Ct Act § 439 [e]), because a question of first impression is involved, permission to appeal is granted *sua sponte (see,* Family Ct Act § 1112 [a]).

The facts are not in dispute. Petitioner Kenneth N. Graby and respondent Janet Graby were married on May 20, 1978 and divorced on May 16, 1990. The divorce decree granted custody of the infant issue of the marriage to respondent and required petitioner to pay child support in the amount of $400 per week.

On January 24, 1992, a petition was brought by respondent to enforce those child support payments and petitioner cross-petitioned for a downward modification of child support on the basis of a substantial change in circumstance, i.e., his loss of employment on August 22, 1991. At that time, petitioner's income consisted of unemployment benefits of $450 per week. By order dated September 18, 1992, Family Court granted the cross petition and reduced petitioner's child support payments to $112.50 a week, plus $27.50 a week toward arrears.

On August 30, 1992, the Social Security Administration notified petitioner that based on his total disability he was eligible for benefits. Pursuant to that determination, effective February 1992, petitioner became entitled to Social Security disability payments of $1,037 a month and his children became entitled to payments totalling $518 per month. In January 1993, those payments were increased to $1,068 per month

for respondent and $533 for the children. On October 19, 1992, petitioner sought to modify the prior order of support based on his total disability. Petitioner's income at that time consisted of the $1,037 disability payments and a monthly pension of $1,080.

The Family Court Hearing Examiner recalculated petitioner's basic child support obligation, based on his pension and Social Security disability benefits, to be $536.80 per month. Based on *Passaro v Passaro* (92 AD2d 861), the Hearing Examiner credited the Social Security disability payments paid to the children ($518) against petitioner's child support obligation. On June 1, 1993, Family Court vacated the Hearing Examiner's order and remitted the matter for a fact-finding hearing. It concluded that, under the Child Support Standards Act, disability payments to the children could be credited against petitioner's child support obligation only if it was determined that the child support award was "unjust or inappropriate" (Family Ct Act § 413 [1] [f]). Implicit in the court's ruling is the holding that the disability payments no longer were to be a credit against a child support obligation. I do not agree.

Historically, a majority of jurisdictions have credited Social Security disability benefits paid on behalf of the children against the child support obligation of the disabled parent *(see, e.g., Children & Youth Servs. v Chorgo,* 341 Pa Super 512, 491 A2d 1374; *Andler v Andler,* 217 Kan 538, 538 P2d 649; *Mooneyham v Mooneyham,* 420 So 2d 1072 [Miss]; *Cash v Cash,* 234 Ark 603, 353 SW2d 348; *Perteet v Sumner,* 246 Ga 182, 269 SE2d 453; *Lopez v Lopez,* 125 Ariz 309, 609 P2d 579; *In re Marriage of Denney,* 115 Cal App 3d 543, 171 Cal Rptr 440).

Most jurisdictions that authorized such credit, however, did not do so unconditionally. In *Children & Youth Servs. v Chorgo (supra),* the Pennsylvania court set out four possible options for determining when credit should be given. The first option is that credit should always be given. The second option is that credit would not be given unless special conditions were met. The third option is that credit could be given in the court's discretion *(see also, Chase v Chase,* 74 Wash 2d 253, 444 P2d 145; *Hepton v Hepton,* 25 Wash App 229, 605 P2d 1288) and the fourth option is that a presumption would be applied that credit would be given unless rebutted by unusual circumstances *(Children & Youth Servs. v Chorgo, supra; see also, Davis v Davis,* 141 Vt 398, 449 A2d 947).

New York courts have followed the majority view and seemingly have adopted the first option by crediting any Social Security disability benefits paid for the benefit of children toward a disabled parent's child support obligation *(see, Passaro v Passaro,* 92 AD2d 861, *supra)*. In *Passaro,* the Court considered a parent's petition to modify an order of support on the grounds of his disability and his children's receipt of Social Security disability payments and held that the Social Security disability payments offset the disabled parent's child support obligation.

When *Passaro* was decided, however, no specific guidelines existed in New York or numerous other States for determining child support awards. As a result, child support awards varied significantly within each State and from State to State. Consequently, Congress passed the Federal Family Support Act of 1988 (Pub L 100-485, 102 US Stat 2343 [amending 42 USC § 666 *et seq.])* to establish State-wide and, to some extent, nationwide uniformity in child support awards.

42 USC § 667 (a) previously had required each State to establish guidelines by October 1, 1987 for the determination of child support awards. The Family Support Act of 1988 added a rebuttable presumption that any child support award determined under the State's guidelines was correct. The Act further specified that this presumption could be rebutted only by a written finding that application of the guidelines would be unjust or inappropriate.

Since the passage of the Family Support Act of 1988, other jurisdictions have readdressed the issue whether Social Security disability payments to a disabled parent's children are a credit against the disabled parent's child support obligation under that State's own guidelines. A majority of those jurisdictions have continued to support the proposition that Social Security disability benefits received by a disabled parent's child are a credit against that obligation *(see, e.g., In re Marriage of Durbin,* 251 Mont 51, 823 P2d 243; *Hinckley v Hinckley,* 812 P2d 907 [Wyo]; *Guthmiller v Guthmiller,* 448 NW2d 643 [ND]; *Matter of Patterson,* 167 Ariz 168, 805 P2d 401; *Williams v Williams,* 560 So 2d 308, 310 [Fla]; *Springer v Commonwealth of Pa., Dept. of Pub. Welfare,* 128 Pa Commw 166, 562 A2d 1033, *appeal denied* 525 Pa 591, 575 A2d 120).

One jurisdiction allows Social Security disability benefits to offset a disabled parent's child support obligation where a petition had been brought to modify the support order *(see, In*

re Marriage of Durbin, supra; see also, In re Marriage of Jakobson, 259 Mont 42, 854 P2d 333). Another jurisdiction, while allowing the credit, uses a case-by-case approach in the context of a modification proceeding, giving consideration to the Social Security benefits, the children's needs, and each parent's ability to pay support before granting an offset (see, Hinckley v Hinckley, 812 P2d 907, supra). California has passed legislation that specifically addressed that issue. Section 4504 of the California Family Code provides that Social Security disability benefits paid to children because of the disability of a noncustodial parent are credited against that parent's child support obligation unless such benefits were taken into consideration by the trial court in determining the original support obligation of the noncustodial parent (Cal Fam Code § 4504).

Finally, several jurisdictions treat those payments under the dictates of 42 USC § 667 (b) (2), which requires that the courts use the guidelines unless the result is determined to be "unjust or inappropriate". In some of those jurisdictions, there is a presumption that credit will be applied against the disabled parent's child support obligation unless the individual circumstances of the case justify a different result (see, Guthmiller v Guthmiller, supra; Springer v Commonwealth of Pa., Dept. of Pub. Welfare, supra).

Thus, the passage of the Family Support Act of 1988, with the resulting enactment of State support guidelines, has clouded the way that the States have considered Social Security disability payments to the child of a disabled parent. A problem arises in fitting those payments within guidelines that, in most instances, did not address them. In that regard, although New York's Child Support Standards Act (Family Ct Act § 413) contains a detailed formula for determining child support awards, those payments are not directly addressed. Because the Legislature has created a format for child support determinations, a question therefore arises concerning the applicability of prior case law regarding treatment of those payments (see, Passaro v Passaro, 92 AD2d 861, supra).

Under Family Court Act § 413 (1) (c) (2), the basic child support obligation shall be determined as follows: "The court shall multiply the combined parental income up to eighty thousand dollars by the appropriate child support percentage and such amount shall be prorated in the same proportion as each parent's income is to the combined parental income."

Section 413 (1) (b) (5) defines "income" and specifies that each parent's income includes:

"the amount of income or compensation voluntarily deferred and income received, if any, from the following sources:

"(A) workers' compensation,

"(B) disability benefits,

"(C) unemployment insurance benefits,

"(D) social security benefits,

"(E) veterans benefits,

"(F) pensions and retirement benefits,

"(G) fellowships and stipends, and

"(H) annuity payments".

Section 413 (1) (b) (5) (vii) of the Family Court Act specifies the deductions allowed from income before applying the Child Support Standards Act guidelines. No specific provision authorizes a deduction for Social Security benefits paid on behalf of a disabled parent's children.

Section 413 (1) (f) of the Family Court Act specifies 10 factors, including income to the child, that the court must consider in making a determination whether to modify the guideline award because such award is "unjust or inappropriate". Because section 413 (1) (f) does not define "income" to a child, Social Security disability payments are not expressly included under the statute as part of a child's income. Although those payments are received by the child, they are not from a source wholly independent of the parents but rather are directly the result of the disabled parent's past efforts. Moreover, petitioner does not seek to modify or alter the support award but rather seeks a credit for those payments against the award. The question presented therefore is whether those monies constitute a support payment by the disabled parent, not whether it is one of 10 factors to be considered in determining an award. To hold that the receipt of those monies is one of 10 factors to be considered would place a disabled noncustodial parent in the same position as a noncustodial parent whose children received income from an independent source. That would be inappropriate because Social Security disability payments received by children, unlike other payments, are a Federally established conduit of a disabled parent's past earnings to that individual's children.

The Family Court Act contains no provision authorizing or prohibiting credit for Social Security benefits paid to a dis-

abled parent's children against a disabled parent's child support obligation. I conclude that the underlying theory, followed in *Passaro v Passaro (supra)* and by the vast majority of other jurisdictions, that Social Security disability benefits paid to a child should be a credit against the disabled parent's support obligation, is correct and should be followed.

Social Security disability payments to children are analogous to payments received by a child on a parent's insurance policy and compensate for a parent's "loss of gainful employment by providing for the fulfillment of [one's] moral and legal obligations to [one's] children" *(Andler v Andler,* 217 Kan, *supra,* at 542, 538 P2d, *supra,* at 653; *see also, Matter of Patterson,* 167 Ariz 168, 805 P2d 401, *supra; Schmiedigen v Celebrezze,* 245 F Supp 825; *Roston v Folsom,* 158 F Supp 112). They are income "earned" by working and paying into the system and serve as a substitute for the wages that a parent would have earned but for the disability *(see, Davis v Davis,* 141 Vt 398, 449 A2d 947, *supra; see also, Farley v Farley,* 186 W Va 263, 412 SE2d 261). Thus, the disability benefits received by the child are a form of support payment by the disabled parent *(see generally, Matter of Patterson,* 167 Ariz, *supra,* at 173, 805 P2d, *supra,* at 406).

Questions remain, however, whether those benefits should be included in the income of the disabled parent under section 413 and how the credit relates to the "unjust or inappropriate" provision of Family Court Act § 413 (1) (f). To avoid inconsistent results, those questions should be addressed. Moreover, a well-defined rule to guide a nisi prius court in making its decisions is more appropriate than a vague but general instruction to "do justice". In determining which rule to adopt, I am guided by the notion that we should strive for the most equitable rule that can be applied in the majority of cases to avoid the necessity of a court's conducting a hearing to achieve simple justice or fairness, and to leave such hearings to instances where, because of peculiar facts, the rule, if applied, would clearly be inequitable.

Because the Child Support Standards Act directs the inclusion of both "disability benefits" and "social security benefits" in a parent's income, I believe that the most equitable rule to follow is to include the Social Security benefits paid to the children in the disabled parent's income *(see, Williams v Williams,* 560 So 2d 308, 310, *supra).* The rationale supporting the conclusion that the payments are a credit likewise supports the conclusion that they are income to that parent.

Even after a credit is given against the noncustodial disabled parent's child support obligation for the child's receipt of Social Security disability benefits, that does not necessarily end the court's inquiry. The nisi prius court could alter (either up or down) the amount of child support to be paid by the noncustodial parent if, after considering the financial resources of the parents and the child, i.e., the receipt of disability benefits *(see,* Family Ct Act § 413 [1] [f]), it concluded that the award was "unjust or inappropriate". The court in such a case would examine the disabled parent's income, including a comparison of the disabled parent's past and present resources; the noncustodial parent's income; the child's income; and the Social Security disability benefits received. If, after an examination of the statutory factors, the court finds that the child support award is "unjust or inappropriate", a different amount of child support could be awarded.

In summary, Social Security disability payments received by a child as a result of a noncustodial parent's disability shall be credited against the noncustodial parent's child support obligation. Those payments are to be included in the disabled parent's income under section 413 (1) (b) (5) of the Family Court Act for the purpose of calculating a child support award under the State guidelines. In those cases where the court determines that the child support award is "unjust or inappropriate" under section 413 (1) (f) because of the credit received by the disabled parent, the court may alter the child support award. Moreover, because those payments are added to the disabled parent's income, only in the most unusual cases should the court alter the child support award because of the credit.

Consequently, although Family Court properly remitted the matter to the Hearing Examiner, it incorrectly instructed the Hearing Examiner that Social Security disability payments received by the child were not a credit against the disabled parent's support obligation. Accordingly, the remittal should be modified to provide that the Hearing Examiner is to reconsider the petition in light of this opinion.

GREEN, J. (dissenting in part). I dissent in part and would vote to affirm. I cannot agree with the majority that we can consider Social Security disability benefits paid to the children as income to the noncustodial parent. I also cannot agree that the disabled noncustodial parent is always entitled to a credit for the disability benefits paid to the children. Family Court

properly determined that Social Security disability benefits paid to the children may not be credited against petitioner's child support obligation absent a finding that petitioner's share is "unjust or inappropriate" (Family Ct Act § 413 [1] [f]). That finding must be based upon consideration of certain factors, including "[t]he financial resources * * * of the child[ren]" (Family Ct Act § 413 [1] [f] [1]).

The Child Support Standards Act permits the court to adjust petitioner's support obligation based upon the financial resources available to the children, including Social Security disability benefits, if it finds that petitioner's share is "unjust or inappropriate." The Act does *not* authorize the court either to include benefits received by the children in the disabled noncustodial parent's income *(see,* Family Ct Act § 413 [1] [b] [5]) or to credit those benefits automatically against that parent's support obligation.

Family Court's decision is consistent with the statute. The Child Support Standards Act provides a detailed, step-by-step methodology for calculating each parent's child support obligation *(see,* Mem of State Exec Dept, 1989 McKinney's Session Laws of NY, at 2208). Alterations in the statutory scheme should be accomplished by the Legislature, not the courts.

DENMAN, P. J., BALIO and BOEHM, JJ., concur with LAWTON, J.; GREEN, J., dissents in part and votes to affirm in a separate opinion.

Order modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by LAWTON, J.