■ JUDITH R. PATTEN, Appellant, v WILLIAM P. PATTEN, Respondent. [610 NYS2d 575] —In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 12, 1992, as (1) granted the defendant hus-

band's motion for the enforcement of child support provisions of a judgment of divorce of the same court, entered February 15, 1989, which incorporated the terms of a stipulation of settlement, and (2) denied the plaintiff's cross motion for upward modification of child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 15, 1988, the parties entered into a stipulation whereby, *inter alia,* the defendant father agreed to pay child support of $50 per week for each of his two children. This obligation, however, was subject to several provisions relating to the anticipated payment of Social Security disability benefits to the children as a result of the defendant's disability. The stipulation provided that the plaintiff mother would accept these Social Security disability benefits on behalf of the children in lieu of the defendant's child support payments, and that the defendant would be responsible for any deficit, i.e., if the benefits amounted to less than $5,200 per year. The agreement further provided that if the plaintiff received a lump sum payment for retroactive benefits on behalf of the children, she was to reimburse the defendant for the child support payments made by him for the period subsumed by the retroactive payment. The parties were divorced by a judgment of the Supreme Court, Westchester County, entered February 15, 1989, and the stipulation was incorporated, but not merged, into the judgment.

The Social Security Administration (hereinafter the SSA) thereafter approved the application for benefits on behalf of the children. In October of 1991, the SSA remitted a lump sum check to the plaintiff, as representative payee, of $14,200 to cover "past benefits due", and has, since December of 1991, made monthly payments for the children totalling $532 per month.

The defendant moved for enforcement of the stipulation after repeated requests to the plaintiff for compliance proved fruitless. The plaintiff countered that the provisions in question were illegal and, accordingly, unenforceable. In addition, the plaintiff cross-moved for an upward modification of child support. The Supreme Court granted the defendant's request for enforcement of the child support provisions relating to the Social Security payments, rejected the plaintiff's claim of illegality, and concluded that the parties' unequivocal stipulation should govern. The court further denied the plaintiff's cross motion for additional support. We affirm.

The principle that Social Security disability payments received by a child by virtue of the child's parent's disability may be credited toward the disabled parent's child support obligation was expressed by this Court in *Passaro v Passaro* (92 AD2d 861, 863).

More recently, in *Matter of Graby v Graby* (196 AD2d 128), the Appellate Division, Fourth Department reexamined the issue presented and considered the continued validity of *Passaro* in light of the guidelines set forth in this State's Child Support Standards Act *(see,* Family Ct Act § 413), promulgated in compliance with the Federal Family Support Act of 1988 *(see,* 42 USC § 667). The Court determined that "Social Security disability benefits received by a child as a result of a noncustodial parent's disability shall be credited against the noncustodial parent's child support obligation" *(Matter of Graby v Graby, supra,* at 135). We agree with the Fourth Department's reasoning and conclusion, and, accordingly, affirm the portion of the order appealed from which enforced the provisions of the otherwise uncontroverted stipulation *(see, Zwirn v Zwirn,* 153 AD2d 854).

The Supreme Court properly rejected the plaintiff's request for upward modification of child support, as the plaintiff failed to demonstrate "an unanticipated and unreasonable change in circumstances, or that the agreement entered into by the parties was unfair when entered into *(see, Matter of Boden v Boden,* 42 NY2d 210), or that the child[ren] w[ere] not being adequately supported *(see, Matter of Brescia v Fitts,* 56 NY2d 132)" *(Brevetti v Brevetti,* 182 AD2d 606, 607).

The possibility that the plaintiff will lose her part-time teaching position does not constitute an unanticipated change in circumstances until it becomes clear that the position, if indeed lost, cannot be replaced with another *(see, Matter of Laitman v Laitman,* 88 AD2d 954). Moreover, although the plaintiff claims that the defendant's income had increased since 1989, "the courts generally do not modify an agreement with respect to child support based merely upon a parent's increased income" *(Brevetti v Brevetti, supra,* at 608; *see, Matter of Bernstein v Goldman,* 180 AD2d 735). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.