[621 NYS2d 824]

In the Matter of PATRICIA E. LAGO, Respondent, v ANTHONY TRABUCCO, Appellant.

Fourth Department, December 23, 1994

### APPEARANCES OF COUNSEL

*Sargent Cramer & Myers,* Syracuse *(William E. Myers* of counsel), for appellant.

*Bucci & Lockwood,* Baldwinsville *(Rosemary Bucci* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

Recently, in *Matter of Graby v Graby* (196 AD2d 128, *lv granted* 210 AD2d — [decided herewith]), this Court held that Social Security payments received on behalf of a child, as a result of a noncustodial parent's disability, shall be credited against the noncustodial parent's child support obligation under the Child Support Standards Act (CSSA; Family Ct Act § 413). We also held that those payments are to be included in the noncustodial parent's income under section 413 (1) (b) (5) of the Family Court Act for the purpose of calculating a child support award under the State guidelines *(Matter of Graby v Graby, supra,* at 135).

We must now determine what happens when a support order covers more than one child and Social Security benefits are not received by all the children subject to the support order. The problem arises because, under Federal law, a child is entitled to receive Social Security benefits only until that child reaches the age of 18 *(see,* 42 USC § 402 [d] [1] [B]), whereas under Family Court Act § 413 (1) (a), a parent is responsible for the support of a child until the child attains the age of 21.

The parties are divorced. Their two sons reside with their mother (petitioner). In November 1991, pursuant to an order of Onondaga County Family Court, respondent was ordered to pay $145 per week for the support of his two minor sons. At that time, he was employed full time earning approximately $38,000 a year. In April 1993 respondent filed a petition seeking a downward modification of the prior support order.

In support of his petition, respondent averred that there had been a change of circumstances since entry of the prior order in that he had retired from full-time employment and was now receiving Social Security benefits. In addition, respondent averred that petitioner was now receiving Social Security benefits for the children in the amount of $771 per month. Petitioner opposed that application.

Following a hearing, the Hearing Examiner issued findings of fact in which he found that respondent had established a substantial change in circumstances and ordered that the prior support order be modified by reducing respondent's obligation to $100 per month effective February 13, 1993, when he began receiving Social Security benefits, and by increasing it to $200 per month effective July 1, 1994, when the oldest son became 18. Respondent filed objections, contending that he was entitled to credit for the full amount of Social Security benefits received for both children, which would result in a zero support order.

In reliance upon *Graby (supra)*, Family Court concluded that, because the children received $776 per month in Social Security benefits, which was in excess of what respondent was obligated to pay pursuant to the 1991 order ($145 per week for the two boys), he was entitled to a credit for those payments, resulting in a zero support order at the present time. The court also determined that, when the older boy reached his 18th birthday, the prior support order would be reinstated and respondent would be obligated to pay $72.50 per week for that child because his Social Security benefits would have terminated.

The court properly made a bifurcated application of the *Graby* rule with respect to the child who was no longer receiving Social Security benefits. Under Federal law, Social Security benefits paid for the benefit of a child pursuant to 42 USC § 402 are to be used only for the use and benefit of that child (see, 42 USC § 405 [j]; 20 CFR 404.2035, 404.2045). Thus, the Social Security benefits received by petitioner on behalf of her youngest child are to be used exclusively for his benefit. Therefore, we conclude that respondent is not entitled to any credit or offset for the Social Security benefits received on behalf of the youngest son against his total child support obligation after the eldest son's entitlement to Social Security benefits terminates. Thus, the child support obligation for respondent's eldest son after July 1, 1994 must be calculated under the CSSA. The court properly calculated the child

support obligation for respondent's eldest son under the CSSA. Because the amount that respondent would be required to pay under the CSSA is substantially the same as the amount he was obligated to pay under the prior support order, the court did not err in reinstating the prior support obligation with respect to the child who was not receiving Social Security benefits.

Accordingly, the order appealed from should be affirmed.

GREEN, J. P., PINE, BALIO and BOEHM, JJ., concur.

Order unanimously affirmed, with costs.