OPINION OF THE COURT
Michael J. Miller, J.
Petitioner and respondent have filed objections to the findings of fact of the Hearing Examiner. Petitioner and respon *648 dent have also each filed their rebuttal to the other’s objections.
The court has reviewed the objections, the rebuttal, the pleadings, the tape-recorded hearing and the evidence submitted and finds that respondent’s objections must be sustained, the findings of fact and order of the Hearing Examiner vacated and the petition for upward modification dismissed. Petitioner’s objections are dismissed.
Petitioner filed a petition in this matter seeking upward modification of the respondent’s child support obligation established by the parties’ separation agreement which was incorporated but not merged into the parties’ 1995 judgment of divorce. It is undisputed that when the parties entered into the separation agreement respondent’s child support obligation was set taking into consideration the application of the Child Support Standards Act as governed by the existing Fourth Department case of Matter of Graby v Graby (196 AD2d 128 [4th Dept 1994]). Based on this, respondent received a full credit towards his child support obligation for the monies received directly by the parties’ child, Dustin, as a result of respondent’s Social Security disability benefits. Subsequent to the entry of the judgment of divorce, the New York State Court of Appeals reversed the Fourth Department Graby decision as it related to the credit to be given for Social Security disability payments paid directly to a child as the result of a noncustodial parent’s disability (Matter of Graby v Graby, 87 NY2d 605 [1996]). Petitioner alleged in her petition that the change in the application of the Child Support Standards Act as a result of the reversal of the Graby case constitutes a change in circumstances mandating the upward modification of respondent’s child support obligation. The Hearing Examiner agreed and granted an upward modification of respondent’s child support obligation. Respondent has now objected to this decision of the Hearing Examiner.
Petitioner has also objected to the decision of the Hearing Examiner arguing that the Hearing Examiner improperly calculated respondent’s income for purposes of the upward modification granted and also granted an improper variance from a strict application of the Child Support Standards Act.
The court holds that a change in the case law governing the application of the Child Support Standards Act is not a change of circumstances warranting the modification of the parties’ child support agreement. A modification of a child support agreement which has been incorporated but not merged into a *649 judgment of divorce must be based upon an unanticipated change of circumstances resulting in a concomitant need of the child (see, Matter of Boden v Boden, 42 NY2d 210, 213 [1977]), or proof that the children’s needs were not being adequately met (see, Matter of Brescia v Fitts, 56 NY2d 132, 140 [1982]; Matter of Tripi v Faiello, 195 AD2d 958 [4th Dept 1993], lv dismissed 82 NY2d 803 [1993]; Tuchrello v Tuchrello, 204 AD2d 1020 [4th Dept 1994]). It is the tangible circumstances of the parties and the child which support a modification and ensure the ongoing sufficiency of the child support obligation in a child’s best interest (see, Matter of Contino v Ryan, 193 AD2d 1057 [4th Dept 1993]). Otherwise the parties must be bound by the agreement they entered into or no such agreement could guarantee any finality at all. To this end the New York State Legislature also stated specifically in the Child Support Standards Act that the enactment of the statute itself is not sufficient cause to disturb the terms of a separation agreement and divorce decree in an action prior to the enactment of the statute. (Family Ct Act § 413 [1] [Z]; Domestic Relations Law § 240 [1-b] [Z].)
In this case there was no proof of an unanticipated change in circumstances, greater needs of the child, or that his needs were not being met. The only change alleged is the reversal of the Graby decision (supra) by the Court of Appeals. Petitioner failed to meet her burden of proof and her petition must be dismissed.
Accordingly, respondent’s objections are sustained, the petition for upward modification is dismissed, the findings of fact and order of the Hearing Examiner entered January 23, 1997 are vacated and the terms of the parties’ Monroe County judgment of divorce entered August 25, 1995 are reinstated effective April 26, 1996. In view of the court’s determination on respondent’s objections, the court need not reach the issues raised by petitioner’s objections to the merits of the upward modification. Petitioner’s objections are therefore dismissed.