■ LORRAINE GOLDMAN, Appellant, v ALLAN GOLDMAN, Respondent.— Order of Supreme Court, New York County, entered September 8, 1978, granting reargument and adhering to the original decision in the order entered June 1, 1978, and denying leave to renew the denial of a motion seeking vacatur of a nonmerger provision of a judgment of divorce and an upward modification of alimony and child support provisions of the judgment, insofar as appealed from, unanimously modified, on the law and in the exercise of discretion, to the extent of remanding the matter for an evidentiary hearing as to the adequacy of the provision for child support, and otherwise affirmed, without costs or disbursements. The appeal from the order of the Supreme Court, New York County, entered on June 1, 1978, on the original decision, is dismissed as academic, without costs or disbursements. In 1973, plaintiff commenced action against defendant for divorce. On August 6 of that year, while the case was on trial, a stipulation was entered into on the record, among the parties and defendant's father, under which defendant's father was to pay plaintiff the sum of $15,000 annually and defendant was to pay $5,000 annually, for alimony and child support for a period of five years. Thereafter, this sum was to be reduced to $10,000 per year to be paid solely by defendant. Of this sum $7,500 was to be allocated

to support of the two children of the marriage and $2,500 to alimony. The stipulation made no provision for either survival or merger. However, in order to bind defendant's father to the agreement, the decree of divorce provided "that the stipulation between the parties made in open Court and recorded upon the trial, a copy of which is on file with the Court, shall survive and not be merged in this judgment". In December, 1977, plaintiff suffered a serious ski accident by virtue of which she was unable to continue her employment. Although the record does not so indicate, we were informed, on the argument, that she has recovered sufficiently to enable her to return to work. Contending that the accident and increased needs of the children constituted a change in circumstances, she applied to the court to revise upward the provision for alimony and child support. An agreement for alimony, valid when made, which is not merged in a judgment of divorce, precludes a subsequent change in its terms unless it is actually inadequate for support and the recipient thereof is in danger of becoming a public charge (*McMains v McMains,* 15 NY2d 283). Where a provision for nonmerger is contained in the decree, although not in the stipulation between the parties, the remedy therefor is appeal (*Chanin v Chanin,* 59 AD2d 671). Here, there is no claim that plaintiff is in peril of becoming a public charge nor did she appeal from the judgment although the time to do so expired years before the institution of this proceeding. Hence, no relief is available to the wife. A different situation obtains with respect to the children. They are not bound by the terms of the agreement (*Matter of Boden v Boden* 42 NY2d 210). While provisions fair and equitable in their inception should not be disturbed unless "there has been an unforeseen change in circumstances and a concomitant showing of need" (*Matter of Boden v Boden, supra,* p 213), we think that sufficient has been indicated by the papers to warrant an evidentiary hearing. Inasmuch as child support is an obligation of both parents, the relative capacity of each to contribute thereto will be a proper subject of inquiry. Concur—Fein, J. P., Sandler, Lupiano and Bloom, JJ.