■ In the Matter of LUCILLE LICITRA, Appellant, v MICHAEL LICITRA, Respondent. (Proceeding No. 1.) In the Matter of MICHAEL LICITRA, Respondent, v LUCILLE LICITRA, Appellant. (Proceeding No. 2.) [648 NYS2d 448] —In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) stated portions of a nondispositional order of the Family Court, Rockland County (Warren, J.), dated November 10, 1994, which, *inter alia,* postponed the entry of a dispositional order finding the father to be in violation of an order of the same court, dated January 3, 1994, pending the determination of a motion of the Law Guardian to suspend unsupervised visitation between her and the children, (2) an order of protection of the same court, dated April 17, 1995, which, *inter alia,* directed her to remain one-quarter mile away from the Indian Point Power Plant, and to remain away from the New York Power Authority corporate offices located in the City of New York and at 123 Martine Avenue, White Plains, New York, and (3) a dispositional order of the same court, dated April 18, 1995, which, *inter alia,* granted the motion of the Law Guardian to suspend unsupervised visitation between her and the children and directed her to pay the costs associated with supervised visitation.

Ordered that the appeal from the nondispositional order is dismissed, without costs or disbursements; and it is further,

Ordered that the order of protection is modified, on the law, by deleting the branch thereof directing the mother to remain one-quarter mile away from the Indian Point Power Plant, and to remain away from the New York Power Authority corporate offices located in City of New York and at 123 Martine Avenue, White Plains, New York; as so modified, the order of protection is affirmed, without costs or disbursements; and it is further,

Ordered that the dispositional order is modified, as a matter of discretion, by deleting the provision thereof directing the mother to pay the costs associated with supervised visitation; as so modified, the dispositional order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for a referral to a court affiliated agency for supervised visitation.

The appeal from the nondispositional order is dismissed, as no appeal lies from that order as of right (see, Family Ct Act § 1112). However, the issues raised on appeal from the nondispositional order are brought up for review and have been considered on the appeal from the dispositional order.

There is a substantial basis in the record to support the court's suspension of unsupervised visitation between the mother and the children (see, Eschbach v Eschbach, 56 NY2d 167; Maloney v Maloney, 208 AD2d 603). The mother's inappropriate use of visitation time is likely to result in emotional harm to the children. Supervised visitation is not a deprivation of meaningful access to a child (see, Matter of Carl J. B. v Dorothy T., 186 AD2d 736, 738; Lightbourne v Lightbourne, 179 AD2d 562).

However, given the mother's limited resources, the Family Court erred in directing her to pay the costs associated with supervised visitation. The matter is therefore remitted to the Family Court, Rockland County, for a referral to a court affiliated agency for supervised visitation.

The parties' remaining contentions are without merit. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.