■ LYNDA MANDELL, Appellant, v JEROME KARR, Respondent. [777 NYS2d 93]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered January 9, 2003, which granted defendant's motion to accelerate payment on the unpaid principal of a $200,000 distributive award, awarded interest on that amount as well as interest on the unpaid interest, awarded interest on an additional $50,000 component of the distributive award, and awarded defendant $10,000 in counsel fees, unanimously affirmed, without costs. Order, same court and Justice, entered June 27, 2003, which denied plaintiff's motion for an upward modification of child support, unanimously reversed, on the law and the facts, without costs, and the matter remanded to Supreme Court for an evidentiary hearing.

The motion court correctly held that plaintiff is in default of the parties' stipulation of settlement and that the terms thereof entitle defendant to an acceleration of the payment of the unpaid balance of the $200,000 component of the distributive

award, with interest thereon at the rate of 9% beginning June 15, 1998, and interest on the unpaid interest (CPLR 5001). Plaintiff's calculation of her interest obligation, based on the stipulation and a 1999 court decision that denied a previous motion by defendant to accelerate the $200,000 obligation, was fairly characterized by the motion court as "contrived," and her claim that defendant simply accepted her incorrect payments without objection or other notice of default is contradicted by the record. The plain terms of the stipulation also entitle defendant to interest on the $50,000 component of the distributive award at the rate of 9% from the May 1997 date of the stipulation to the date of payment. To the extent that the 1999 decision erroneously denied an award of interest on the $50,000 or erroneously awarded interest from May 1998 instead of May 1997, such decision did not create law of the case, since it was never reduced to an order as directed (*cf.* 22 NYCRR 202.48 [b]). Plaintiff's failure to cure these defaults after being given written notice thereof by certified mail entitles defendant to an award of reasonable attorneys' fees, also under the plain terms of the stipulation.

Plaintiff's motion for upward modification of child support should have been granted to the extent of directing a hearing into whether, inter alia, her loss of employment and claimed inability to obtain comparable employment constituted an unanticipated and unreasonable change in circumstances and, if so, whether she is presently capable of meeting the needs of the parties' children (*see Matter of Brescia v Fitts*, 56 NY2d 132, 138-141 [1982]; *Matter of Boden v Boden*, 42 NY2d 210 [1977]; *Goldman v Goldman*, 69 AD2d 758 [1979]). At this juncture, plaintiff's failure to disclose her employer's reasons for terminating her, and her reasons for contesting the termination, though relevant to the issue of whether her loss of employment was an unanticipated and unreasonable change in circumstances, do not warrant an adverse inference that the loss of employment was voluntary or self-created. In any event, the paramount concern at such hearing should be the children's best interests, which include the right to adequate support (*see Matter of Brescia v Fitts*, 56 NY2d at 138-141; *Matter of Boden v Boden*, 42 NY2d at 212; *Goldman v Goldman, supra*). Concur— Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.