■ Patricia Finn, Appellant, v Frederick Piesco, Jr., Respondent. [8 NYS3d 57]—

Order, Supreme Court, Rockland County (Gerald E. Loehr, J.), entered on or about August 19, 2013, transferred to this Court by order of the Supreme Court of New York, Appellate Division, Second Department, dated September 10, 2014 (*Finn v Piesco*, 2014 NY Slip Op 82981[U] [2d Dept 2014]), which, to the extent appealed from as limited by the briefs, denied plaintiff's motion seeking an award of pendente lite maintenance and counsel fees, and upward modification of a child support award, unanimously modified, on the law and the facts, and the matter remanded to Supreme Court, Rockland County, for recalculation of the child support award, and otherwise affirmed, without costs.

The Supreme Court providently exercised its discretion in imputing income of $75,000, to plaintiff based on her work history, education, and skills, thus deeming her income equal to that reported on defendant's tax return and denying plaintiff's request for temporary maintenance (*Lennox v Weberman*, 109 AD3d 703, 703 [1st Dept 2013]; *see also Hickland v Hickland*, 39 NY2d 1 [1976], *cert denied* 429 US 941 [1976]; *Osha v Osha*, 101 AD3d 481, 481 [1st Dept 2012]). Supreme Court correctly concluded that plaintiff failed to explain why, as an experienced attorney with a master's degree in public administration and a real estate license, she earned no income in 2012. Plaintiff failed to submit any evidence to refute defendant's claim that she held a valid real estate license. She also failed to explain how the Ninth Judicial District Grievance Committee's investigation into complaints against her, which seem to have been fairly limited in scope and did not result in any disciplinary suspensions, would prevent her from operating her law practice or otherwise earning any income for years at a time, as she claims. She also failed to submit documentation to support her claim that defendant, a carpenter, made $125,000, rather than the $75,000 reported on his tax return.

The Supreme Court also providently exercised its discretion in denying plaintiff's application for interim counsel fees, as she failed to show any disparity in the parties' income. Pursuant to Domestic Relations Law § 237, the court considered the financial circumstances of the parties together with all of the circumstances of the case (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *see also Johnson v Chapin*, 12 NY3d 461 [2009]).

As for plaintiff's pendente lite application for an upward modification of the child support award entered by the Westchester County Family Court, however, plaintiff met her burden of showing that a modification is warranted (*see Colyer v Colyer*, 309 AD2d 9 [1st Dept 2003]). In the Family Court proceeding, the parties had consented to an award of $153 per week for the parties' two children, based on the husband having an adjusted annual income of about $30,000. In opposition to plaintiff's application in the instant proceeding, however, he submitted a net worth statement and tax return disclosing at least $75,000 in adjusted gross income. Plaintiff also submitted evidence that she and the children were receiving food stamps, and that she had substantial outstanding bills for household necessities and the children's expenses. In light of the substantial discrepancy between the amount of income attributed to the husband in the Family Court order and the amount disclosed subsequently, the Supreme Court erred in concluding that the amount agreed upon in Family Court was appropriate. Accordingly, the application is granted to the extent of remanding for further proceedings, to redetermine the award of temporary child support with a final award to be made after trial (*see Matter of Brescia v Fitts*, 56 NY2d 132, 138, 141 [1982]; *Mandell v Karr*, 7 AD3d 382 [1st Dept 2004]). Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.