Xiaodong Lin v McGhee (2020 NY Slip Op 02554)





Xiaodong Lin v McGhee


2020 NY Slip Op 02554


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


350252/07 11443A 11443 11442 11441

[*1]Xiaodong Lin, Plaintiff-Respondent,
v
David McGhee, Defendant-Appellant.


McLaughlin & Stern LLP, New York (Peter C. Alkalay of counsel), for appellant.
Elliott Scheinberg, New City, for respondent.
Parmet Zhou & Denney LLC, New York (Wendy J. Parmet of counsel), attorney for the child.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered on or about February 10, 2017, which, to the extent appealed from as limited by the briefs, prohibited defendant father from communicating with the parties' child except as deemed appropriate by the Wellspring Foundation (Wellspring), and required him to pay 50% of costs incurred in connection with her residential treatment at Wellspring and her education at its school (Arch Bridge), unanimously modified, on the law, to delete the provision requiring defendant to pay 50% of costs incurred at Wellspring and Arch Bridge and to remand for a hearing to determine whether such provision is warranted, and otherwise affirmed, without costs. Parental access order, same court and Justice, entered June 25, 2018, which, to the extent appealed from as limited by the briefs, limited defendant's access to the child to visits initiated by the child in consultation with her treatment team, and ordered that such visits take place in public and under supervision by Comprehensive Family Services (CFS), prohibited defendant from initiating contact with the child and limited his responsive communications, and prohibited him from communicating with the child's Wellspring treatment team or school personnel upon her release from Wellspring, unanimously affirmed, without costs. Supervised visitation order, same court and Justice, entered June 25, 2018, which, inter alia, appointed a CFS social worker to supervise his access time with the child and ordered him to pay 100% of the CFS social worker's retainer and hourly fees, unanimously affirmed, without costs. Order, same court and Justice, entered June 25, 2018, which, to the extent appealed from as limited by the briefs, denied defendant's motion to appoint a forensic expert, unanimously affirmed, without costs.
Defendant's argument that his parental rights were effectively terminated is unavailing. The parental access order allowed him to seek review of the order starting in January 2019, allowed him to communicate with Wellspring's Children's Program Director, from whom he could obtain treatment information, allowed supervised visits with the child when she, as advised by Wellspring, wished to see him, and allowed him to respond to the child's communications.
Defendant's argument that the orders were improperly issued without an evidentiary hearing is unavailing. The parental access order recites that it is based on, among other things, a June 19, 2018 hearing. During proceedings on that date, defendant presented his views, under oath, and was given ample time to do so. The attorney for the child (AFC) provided the court with current information based upon meetings with the child and her treatment team at Wellspring, and the AFC's report was consistent with Wellspring's recommendations in its letter to the court dated May 24, 2018, the authenticity of which defendant does not question.
Defendant alludes to cross-examinations of medical care providers that he should be [*2]allowed to conduct. He does not adequately address the fact that, pursuant to the divorce judgment, plaintiff mother, who entrusted the child to Wellspring, had the authority to do so without his consent.
Defendant's claim that plaintiff failed to fulfill her obligations as custodial parent is unsubstantiated. Plaintiff's choice of Wellspring was informed by research, and, while defendant had an opportunity to suggest alternatives, he failed to do so. Moreover, Wellspring praised plaintiff for her supportive participation in the child's treatment and her efforts to establish post-discharge supports for the child.
The court amply articulated the grounds for its decisions. It thoroughly explained its perspective, which is informed by more than a decade of presiding over this case, and the basis for each order. Contrary to defendant's contention, the child's voice was not silenced. The court recognized during the January 25, 2017 proceedings that the AFC had not recently met with the child and, in the order entered on or about February 10, 2017, reappointed the AFC and directed her to visit Wellspring to obtain up-to-date information, which she promptly did. Defendant presents no reason to question that the AFC accurately represented the child's views to the court.
Plaintiff did not alienate the child from defendant by unilaterally placing her out of state at Wellspring. As indicated, she had the right to do so under the divorce judgment, and when she suggested Wellspring, defendant offered no alternatives.
Plaintiff concedes that the judgment and financial settlement should not have been modified to require defendant to share in the child's medical and educational expenses without a showing of changed financial circumstances (see Lonsdale v McEwen, 33 AD3d 225, 228 [1st Dept 2006]; Mandell v Karr, 7 AD3d 382 [1st Dept 2004]). Accordingly, we modify the February 10, 2017 order to delete the provision requiring defendant to pay 50% of costs incurred in connection with the child's treatment and education at Wellspring and Arch Bridge and remand for a hearing to determine whether such provision is warranted.
The court properly required defendant to pay the CFS social worker's retainer and fees. These costs were not addressed by stipulation or judgment, and it was solely his conduct that necessitated the social worker's involvement. Nor has defendant shown that his resources are so limited that he is unable to pay these costs (cf. Licitra v Licitra, 232 AD2d 417 [2d Dept 1996] [court erred in directing mother to pay visitation costs, given her limited resources]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK