Lesser v Lesser (2022 NY Slip Op 01420)





Lesser v Lesser


2022 NY Slip Op 01420


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 365189/21 Appeal No. 15463 Case No. 2021-03979 

[*1]Jennifer Lesser, Plaintiff-Appellant,
v
Sandy R. Lesser, Defendant-Respondent.


Marzec Law Firm, PC, Brooklyn (Darius A. Marzec of counsel), for appellant.
Wachtel Missry LLP, New York (Jeffrey T. Strauss of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.)., entered August 13, 2021, which, to the extent appealed from as limited by the briefs, ordered defendant to pay plaintiff pendente lite spousal maintenance of $10,500 per month and interim counsel fees of $25,000, unanimously affirmed, without costs.
Plaintiff failed to show exigent circumstances warranting an increase in the pendente lite award, and no exception is warranted here to the general rule that the remedy for any perceived inequities in a pendente lite award is a speedy trial (see Torres v Torres, 171 AD3d 613 [1st Dept 2019]).
Plaintiff's contentions in support of her argument that the court calculated defendant's expenses erroneously are unavailing. She claims that certain of her expenses that were previously borne by defendant will now become her responsibility. However, certain of the child-related expenses she claims as expenses are being paid by defendant. Plaintiff also failed to show that her reasonable expenses cannot be covered by the monthly amounts defendant has been ordered to pay. She states that her apartment carrying costs are approximately $4,750 per month. That leaves $5,750 to cover all other monthly personal expenses, which will not include her unreimbursed medical expenses or the children's expenses, since defendant will continue to cover those expenses. Plaintiff contends that defendant's claim of $3,770 per month for household help expenses is "incredible on its face." However, defendant's Net Worth Statement shows that these costs include the full-time care required for the parties' special needs child, and plaintiff, who acknowledges that the child is severely disabled, offers no reason to discredit the statement.
Plaintiff argues that, after applying the temporary maintenance statute to defendant's income up to the statutory cap of $192,000 and finding a guideline support amount of $4,800 per month (Domestic Relations Law § 236[B][5-a][d][1]), the court should have applied § 236(B)(5-a)(d)(2), taking into account income exceeding the cap, and that that would have resulted in a temporary maintenance award of $30,000 per month, or no less than $17,500 per month. However, she failed to show how either of those figures was arrived at. The factors that plaintiff cites in support of this argument, her age, health, years of child-rearing, and long-term absence from the work force, were considered by the court in fashioning the $10,500 monthly temporary maintenance award, which more than doubled the statutory guideline amount. We find the award appropriate under the circumstances, given, among other things, that the parties' children are living with defendant full-time and that he is paying for their expenses. Plaintiff's argument that the court failed to take into consideration defendant's concealment and dissipation of assets rests entirely on conjecture.
The court providently exercised its discretion in awarding plaintiff $25,000 in interim counsel [*2]fees (see Domestic Relations Law § 237[a]). Plaintiff's contention that the case will be complex and prolonged is based on her aforementioned unsubstantiated assertions of suspected concealment and dissipation of assets on defendant's part. Moreover, there is no indication that defendant has sought to use his greater financial resources to create an uneven playing field for the parties.
We have considered plaintiff's remaining arguments and find them unavailing.
M-2022-00257 — Lesser v Lesser
Motion to strike portions of reply brief, granted to the extent of
deeming stricken those portions of pages 2, 3, 5 and 6 of the reply
brief that include references to, and arguments based on, matters
dehors the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022