Khazaneh v Khazaneh (2023 NY Slip Op 03547)

Khazaneh v Khazaneh

2023 NY Slip Op 03547

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Index No. 365144/21 Appeal No. 582 Case No. 2023-00101 

[*1]Heather Khazaneh, Plaintiff-Appellant,
v
Amir Ali Khazaneh, Defendant-Respondent.

The Law Offices of Daniel B. Nottes, PLLC, New York (Daniel B. Nottes of counsel), for appellant.
Schlissel Ostrow Karabatos, PLLC, Garden City (Joseph A. DeMarco of counsel), for respondent

Order, Supreme Court, New York County (Douglas E. Hoffman, J), entered on or about November 2, 2022, which, to the extent appealed from as limited by the briefs, denied, in part, plaintiff wife's motion for pendente lite relief insofar as it awarded her $17,000 per month of the requested $64,956 in interim maintenance and directed her to pay 30% of the carrying costs of the marital residence from that amount, unanimously affirmed, without costs.
There is no basis for disturbing the court's award of temporary maintenance. In calculating the award, the court correctly applied the formula set forth in Domestic Relations Law § 236(B)(5—a) (see Khaira v Khaira, 93 AD3d 194, 197 [1st Dept 2012]). The court considered numerous statutory factors and found that the statutory presumptive or guideline amount of temporary maintenance of $5,075 per month was "unjust or inappropriate" (Domestic Relations Law § 236 [B] [5—a] [h] [1]). The court set forth the amount of the unadjusted presumptive award, the factors it considered, and the reasons that it adjusted the presumptive award. There are no exigent circumstances present. The wife's remedy for any perceived inequities in the pendente lite award is a speedy trial (see Lesser v Lesser, 203 AD3d 466, 466 [1st Dept 2022]).
As maintenance awards are intended to include all basic living expenses, including housing costs, the court's directing the wife to pay a proportionate amount of her maintenance income to cover a share of the carrying costs of the marital residence was not in error (see Blake v Blake, 164 AD3d 1111, 1112 [1st Dept 2018]; Severny v Severny, 210 AD3d 419, 419 [1st Dept 2022]; Francis v Francis, 111 AD3d 454, 455 [1st Dept 2013]).
We have considered the wife's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023