Rahal v Taormina (2025 NY Slip Op 06036)

Rahal v Taormina

2025 NY Slip Op 06036

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ.

Index No. 365553/23|Appeal No. 5090|Case No. 2024-07651|

[*1]Sarah L. Rahal, Plaintiff-Respondent,

v

Michael A. Taormina, Defendant-Appellant.

Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, New York (Eric A. Buckley of counsel), for appellant.

Blank Rome LLP, New York (Judith J. Gische and Marilyn B. Chinitz of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about November 21, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's request for temporary spousal support, unanimously affirmed, without costs.

It is well established that in the absence of exigent circumstances, "the remedy for any perceived inequities in a pendente lite award is a speedy trial" (Anonymous v Anonymous, 167 AD3d 527, 527 [1st Dept 2018]; Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]; Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], lv dismissed 14 NY3d 921 [2010]; see also Kohli v Tewari, 216 AD3d 512, 513 [1st Dept 2023]). It follows that "[a] pendente lite award should only be modified rarely" (Anonymous, 63 AD3d at 496 [internal quotation marks omitted]).

There are no exigent circumstances here to justify disturbing the pendente lite award (see Kohli, 216 AD3d 512). Defendant filed his motion for temporary spousal support one year after the divorce action was commenced, which underscores the absence of any exigency. The court providently exercised its discretion in imputing $300,000 in income to defendant and $1 million in income to plaintiff based on their past income and demonstrated earning potential (see Bloom v Hilpert, 222 AD3d 574, 575 [1st Dept 2023]; see also Finn v Piesco, 127 AD3d 525, 525 [1st Dept 2015]). The parties' tax returns show that defendant maintained steady employment throughout their marriage, averaging nearly $400,000 in income in the final five years of the parties' marriage. Defendant is the same age as plaintiff, has an MBA, and has over a decade worth of experience in the financial industry. Defendant was undisputedly supporting himself and, by his own statements, plaintiff during the last several years of their marriage. Though defendant is presently earning no income from his start-up venture, he fails to explain why he is unable to supplement his present income or seek alternative employment (see Finn, 127 AD3d at 525). The court also correctly applied the formula set forth in Domestic Relations Law § 236(B)(5—a) in determining that the presumptive or guideline award of $0 was neither unjust nor inappropriate (see Lesser v Lesser, 203 AD3d 466 [1st Dept 2022]).

Finally, defendant's claims of discovery delays do not support an award of

temporary spousal maintenance in this case (see e.g. Winnie v Winnie, 199 AD3d 1258, 1259 [3d Dept 2021]).

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 30, 2025